**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.907.2133
Facsimile: 818.205.3730
Stuart@pricelawgroup.com

Attorney for Plaintiff
ROBERT HINDERSTEIN

## DISTRICT COURT OF CALIFORNIA

## IN THE CENTRAL DISTRICT

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC., a corporation; and DOES 1 to 10, inclusive,<br><br>　　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Does Not Exceed $10,000 |

### <u>COMPLAINT FOR DAMAGES</u>

### I.     INTRODUCTION

1.     Robert Hinderstein ("Plaintiff") brings this action against Advanced Call Center Technologies, LLC. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts, as well as for illegal invasions of Plaintiff's privacy.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## III. PARTIES

5. Plaintiff is a natural person residing in Agoura Hills, Los Angeles County, California 91301.

6. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the FDCPA 15 U.S.C. §1692a, and RFDCPA, CAL. CIV. CODE § 1788.2(h).

7. Defendant is located in Berwyn, Chester County, Pennsylvania.

8. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection. Thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6). Defendant regularly engages in the collection of debt by telephone in several states including, California.

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### IV.   FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. Plaintiff's alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

20. Between the dates of April 23, 2015 and May 10, 2015, Defendant caused Plaintiff's cellular telephone number (818) 620-9430 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

21. Between the dates of April 23, 2015 and May 10, 2015, Defendant caused Plaintiff's Cellular telephone to ring approximately forty-nine (49) times, each time calling from telephone numbers (866) 534-3753; (866) 312-8374; (866) 445-6538.

22. Upon information and belief, the telephone numbers (866) 534-3753; (866) 312-8374; (866) 445-6538 belong to Defendant.

23. Defendant is familiar with the FDCPA and RDFCPA.

24. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

25. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

## V.    CAUSE OF ACTION

### COUNT I

### DEFENDNAT VIOLATED THE FAIR DEBT COLLECTION PRACTES ACT

26. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

27. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

   (i) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   (ii) Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(iii)    Defendant violated 15 U.S.C. § 1692f(8) by knowingly violating Plaintiff's privacy in causing his name, city, state, and zip code, and full social security number to be displayed on the exterior of an envelope sent through the US Mail.

(iv)    Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

28.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT II

## DEFENDNAT VIOLATED THE ROSENTHAL

## FAIR DEBT COLLECTION PRACTES ACT, CAL. CIV. CODE § 1788)

30.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

31.    Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a)    Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (iii) Defendant violated C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> § 1788.17 by violating 15 U.S.C. § 1692f(8) by knowingly violating Plaintiff's privacy in causing his name, city, state, and zip code, and full social security number to be displayed on the exterior of an envelope sent through the US Mail.

    (iv) Defendant violated C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

  32. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

  33. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robert Hinderstein respectfully requests that judgment be entered against Defendant for the following:

 (a) Declaratory judgment that Defendant violated the RFDCPA; and

 (b) Actual damages pursuant to C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> § 1788.30(a); and

 (c) Statutory damages of $1,000.00 pursuant to C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> § 1788.30(b); and

 (d) Costs and reasonable attorney's fees pursuant to C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> § 1788.30(c); and

 (e) Declaratory judgment that Defendant violated the FDCPA; and

 (f) Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

 (g) Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

 (h) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3)

(i) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(j) For such other and further relief as the Court may deem just and proper.

### VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 31, 2015                    PRICE LAW GROUP, APC


By: _/s/ Stuart M. Price_____
Stuart M. Price (SBN 150439)
**Attorney for Plaintiff**
**Robert Hinderstein**