

Thomas J. D'Amato - 219174
(tdamato@mpbf.com)
Jeff C. Hsu - 246125
(jhsu@mpbf.com)
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA 90071
Telephone: (213) 327-3500
Facsimile: (213) 627-2445

Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANCED CALL CENTER<br>TECHNOLOGIES, LLC,<br><br>    Defendants. | Case No.: 2:15-cv-10017 JAK (DTBx)<br><br>**DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>**Hearing Date:** May 2, 2016<br>**Hearing Time:** 8:30 a.m.<br>**Department:** Courtroom 750 |

Defendant ADVANCED CALL CENTER TECHNOLOGIES, LLC ("ACCT") hereby submits this reply in support of their motion to dismiss Plaintiff ROBERT HINDERSTEIN's ("Plaintiff") First Amended Complaint ("FAC").

## I.    INTRODUCTION

The legal issue which was presented by ACCT's Rule 12(b) motion to dismiss is rather simple and straightforward: whether allegations of 49 unanswered telephone calls over the span of 18 days, and nothing more, sufficiently constitutes actionable violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code section

1788 *et seq.* ("RFDCPA").

Rather than directly address the arguments or law cited by ACCT, Plaintiff's opposition ("Opp.") instead recites the elements of its claims, cites its FAC allegations referencing those elements, and asserts that its claims are adequately pled. That is the problem, as the "formulaic recitation of the elements of a cause of action" (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) is insufficient to state a claim, and Plaintiff's claims lack sufficient specific facts supporting such elements. For example, Plaintiff argues in his Opposition that his claims are sufficiently pled, for the purposes of surviving a Rule 12(b)(6) motion, because he has complied with the requirements of Rule 8(a) (2) of the Federal Rules of Civil Procedure, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." (Opp. at p. 7.) However, the FAC alleges nothing more than unanswered telephone calls which Plaintiff then concludes are "communications" which demonstrate an intent to harass and constitutes false, misleading, or deceptive representations. Given the case law before the Court, it is clear that Plaintiff has not met his burden of alleging sufficient facts to establish FDCPA liability against ACCT.

Plaintiff also attempts to salvage his FAC by relying heavily on a California Court of Appeal decision and other distinguishable authority to support the proposition that the making of unanswered phone calls alone, constitutes actionable "communications" in violation of the FDCPA. However, these decisions are either not binding, inapposite, or distinguishable and does not relieve Plaintiff of his obligation to adequately plead his complaint in this case.

Lastly, ACCT raised all of these arguments in the course of meet and confer conferences with Plaintiff's counsel regarding the original complaint. Facing a potential motion like the instant one, Plaintiff voluntarily sought to amend his complaint. (Docket No. 8.) Having already had a fair opportunity to amend, and having failed to utilize that opportunity, Plaintiff's claims within the FAC should all be dismissed with prejudice without leave to further amend.

## II.    ARGUMENT

### A.    Plaintiff Cannot Maintain a Claim for Violation of the FDCPA

The provisions of the FDCPA collectively govern a debt collector's *communications* in connection with its collection activities. (15 U.S.C. 1692, *et seq.*) In this case, the FAC and the Opposition are both silent as to any actual communications between Plaintiff, the purported consumer, and ACCT. According to the FAC, the only facts which support any theory of liability are "[b]etween the dates of April 23, 2015 and May 10, 2015, [ACCT] caused [his] Cellular telephone to ring approximately forty-nine (49) times." (*See* FAC at ¶¶ 20-29.) Absent any other conduct or communications between Plaintiff and ACCT, there is no violation of the FDCPA.

Though that should end the inquiry, Plaintiff nevertheless asserts he is entitled to maintain his FDCPA claims. It is difficult to see the logic in his argument. For example, how could Plaintiff have been harassed or deceived by phone calls he never answers? *Plaintiff answers none of these questions in the Opposition, and further fails to answer the ultimate question of how Plaintiff's rights under the FDCPA are violated simply by virtue of unanswered telephone calls from a debt collector.* Instead, Plaintiff argues that a communication need not be received to be actionable under the FDCPA. However, virtually all of these cases cited by Plaintiff are either distinguishable, non-persuasive, and, in some cases, adverse to Plaintiff's cause.

### 1.    The FDCPA Cases Cited by Plaintiff Are Readily Distinguishable

Plaintiff relentlessly trumpets the state court case *Alborzian v. JP Morgan Chase Bank, N.A.* 235 Cal.App.4th 29 (2015) to support the sufficiency of his claims. (*See, e.g.,* Opp. at pp. 4, 6, 8, and 9.) However, this intermediate state court case does not have precedential binding value on this Court, and should be properly ignored, as it does not relieve this Court of the obligation to consider the complaint filed in this case on its own merits.

Plaintiff also relies upon *Green v. Creditor Iustus Remedium*, 2013 WL 6000967, *3 (E.D. Cal. 2013) for the proposition that "repeated unanswered calls; sufficient to

state a claim." (Opp. at p. 8.)  However, a review of the case reveals that it does not make any such ruling.  Further, the facts of Green are clearly distinguishable.  There, Plaintiffs alleged that the defendants attempted to collect a consumer debt from Plaintiffs by calling even after they had requested for Defendants to stop calling them, including at work. (*Id.* at p. 1.) Further, the defendant in that case represented it could garnish Plaintiff's social security income and/or foreclose upon his home. (*Ibid.*)

Finally, Plaintiff cites *Krapf v. Nationwide Credit Inc.*, 2010 WL 2025323, *3 (C.D. Cal 2013).  Plaintiff cites this case for the proposition that "54 calls over a six-month period was sufficient to show defendant's intent to annoy, abuse, and harass plaintiffs." (Opp. at p. 8, lines 22-24.) However, at best, this is a gross misstatement of the facts of *Krapf.*  Rather, the facts of *Krapf* which allowed the Court to deny summary judgment were that the defendant called the plaintiff an average of six times per day for over a month. (*Id.* at p. 4.) That amounted to a total of over 180 calls per month and sometimes twice in a matter of minutes. (*Ibid.*) The defendant in *Krapf* also allegedly failed to identify itself or disclose that it was a debt collector during the calls. (*Id.* at p. 1.)

Here, there are no allegations that ACCT committed the type of aggravating acts even resembling those alleged in *Green* or *Krapf.*  In fact, the defendant in each of those cases was alleged to have engaged in significant aggravating conduct— independent of call volume.  Rather than support Plaintiff's Opposition, these cases reinforce the principle, set forth in Defendant's moving papers, that "even 'daily' calls, unaccompanied by other egregious conduct," do not, as a matter of law, "evince an intent to annoy, abuse or harass." (*Carman v. CBE Group, Inc.* 782 F.Supp.2d 1223, 1230-32 (D.Kan. 2011).)  Consequently, these authorities are inapposite and unpersuasive.

**2.   The FDCPA Does Not Completely Bar Debt Collection Calls**

This Court should further decline to adopt Plaintiffs' reasoning as doing so would effectively outlaw collections phone calls and eviscerate well established rulings from

- 4 -

the Ninth Circuit that "some [collection] conduct does not constitute harassment as a matter of law," and open a Pandora's box of frivolous litigation. (*Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1228 (E.D. Cal. 2010); *see also Gorman v. Wolpoff & Abramson, LLP*, 435 F.Supp.2d 1004, 1012 (N.D.Cal. 2006), *rev'd on other grounds*, 584 F.3d 1147 (9th Cir.2009) ["Congress did not intend the FDCPA to completely bar any debt collection calls."].)

Once again, the FDCPA does not prohibit **multiple phone calls in one day** or **limit the number of calls** that may be made per week. (*See Arteaga, supra,* 733 F.Supp.2d at 1229 [daily or near daily calls does not constitute actionable harassment] (emphasis added). Instead, a high frequency of calls is only actionable when it demonstrates an intent to annoy, abuse or harass as opposed to simply attempts to reach Plaintiff to confirm or discuss the underlying debt. (*See Jones v. ACCT*, 2011 WL 2050195, *3 (N.D. Cal. 2011) [court granted summary judgment upon finding that there was no triable issue of fact that Defendant initiated the phone calls with the intent to harass].)

This is once again, in line with the authority cited in the moving papers such as *Clemente v. I.C. Sys., Inc.*, 2010 WL 3855522 (E.D. Cal. 2010), where under almost identical circumstances, a Plaintiff's complaint for violations of the FDCPA and RFDCPA alleging nothing more than the Defendant caused Plaintiff's phone to ring repeatedly and continuously and that Defendant hung up before Plaintiff or Plaintiff's voicemail answered, was dismissed. Likewise, in *Jiminez v. Accounts Receivable Mgmt.*, 2010 WL 5829206 *6 (C.D. Cal. 2010), summary judgment was granted on claims for alleged violations of the FDCPA and RFDCPA where the only charging facts were that the defendant placed 69 unanswered calls over a 115 day period. Consistent with the rulings in *Clemente and Jiminez*, the FDCPA claims should be dismissed with prejudice.

### 3. At a Minimum, The Claims for Violation of 15 U.S.C. § 1692e and 1692f Should Be Dismissed

The Opposition also largely ignores ACCT's Motion to Dismiss Plaintiff's allegations that ACCT violated FDCPA sections 1692e and 1692f regarding debt collection using false, deceptive or misleading representations. Instead the Opposition attempts to argue that because Plaintiff allegedly did not receive a "Dunning letter" from ACCT, he did not know why ACCT was calling him and therefore the unanswered calls were somehow false, deceptive or misleading. (*See* Opp. p. 9, lines 15-18.) Not only is this argument nonsensical, but it highlights Plaintiff's failure to sufficiently plead an actionable violation of the FDCPA. Once again, Plaintiff does not allege that he answered any of the calls from ACCT or that he ever communicated with them. Thus, any reference in the Opposition to the section 1692(g) "Dunning letter" requirement is a red herring.

Plaintiff then somehow jumps to the wild conclusion that ACCT's unanswered efforts to contact Plaintiff to verify the debt was "a message which Plaintiff alleges is false, deceptive, or misleading." (*See* Opp. p. 9, lines 17-18.) From even the most objective standpoint, unanswered phone calls cannot be construed as a "representation" of any sort, nonetheless a false, deceptive or misleading one. Rather, unanswered collections calls evidence "an intent to reach [the debtor] rather than an intent to harass." (*Tucker v. CBE Group, Inc.,* 710 F.Supp.2d 1301, 1305 (M.D. Fla. 2010).) Again, because Plaintiff does not allege that he ever communicated with ACCT, it is impossible for ACCT to have made any false, deceptive, or misleading misrepresentations in connection with the collection of the alleged debt. (*See* 15 U.S.C. § 1692e.) It is likewise impossible for the alleged acts by ACCT to be unfair or otherwise unconscionable. (15 U.S.C. § 1692f.) Accordingly, at a minimum, the Court should grant ACCT's motion as to the alleged violations of sections 1692e and 1692f.

### B. ACCT Is Entitled to Judgment as a Matter of Law on Plaintiff's Claim for Violation of California's Rosenthal Act

ACCT's Motion establishes that Plaintiff's Rosenthal Act claim rises and falls

with his claims under the FDCPA.  (*Taylor v. Pinnacle Credit Services*, LLC, No. C–10–05164 JCS, 2011 WL 1303430, at *2, n.2. (N.D. Cal. 2011) ["district courts analyze FDCPA and [Rosenthal Act] claims identically."]; *Pasquale v. Law Offices of Nelson & Kennard*, 940 F.Supp.2d 1151, 1161 (N.D. Cal. 2013).)  Plaintiff's Opposition concedes this point and does not set forth any separate factual issues or bases for liability under the RFDCPA. (Opp. at 10:10-17.) Consequently, dismissal of Plaintiff's FDCPA claims likewise entitle ACCT to dismissal of Plaintiff's claims under the RFDCPA.

**1.    At a Minimum, The Opposition Fails to Address The Deficient Claim for Violation of Civil Code § 1788.11(e).**

California Civil Code section 1788.11(e), prohibits *"[c]ommunicating* ... with the debtor with such frequency as to be unreasonable ... under the circumstances" (emphasis added). As the Court in *Krapf* noted, "[communicating] implies actual contact between the debt collector and the debtor, rather than just '[c]ausing a telephone to ring.'" On that basis, the Court found that, as a matter of law, the two conversations the plaintiff in *Krapf* had with a debt collector ***was not sufficiently frequent*** to violate Section 1788.11(e). (emphasis added) (*Krapf v. Nationwide Credit Inc.*, 2010 WL 2025323, at *3 (C.D.Cal. 2010) Once again, Plaintiff does not allege that he has ever spoken with anyone from ACCT.  Therefore, at a minimum, the claim for violation of California Civil Code section 1788.11(e) fails and should be dismissed with prejudice.

**C.    Further Leave To Amend Should Be Denied**

Despite previous opportunities to amend his complaint to state a claim, Plaintiff's claims remain either factually deficient or unsupported by law.  Because Plaintiff has not demonstrated how further amendment would cure the defects, the FAC should be dismissed without leave to amend. (*See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).)

**III.   CONCLUSION**

In conclusion, Plaintiff's FAC is simply insufficient under the federal pleading standards. It is not enough to just allege bald violations of the law. Plaintiff must

actually and properly plead facts that, if accepted as true, could support the alleged violations.  Clearly, Plaintiff has not done so here and his FAC and each and every claim therein should be dismissed.

Alternatively, ACCT requests that the Court dismiss each specific claim and statutory violation in the FAC as identified above.  As ACCT did not violate the law with respect to Plaintiff, Plaintiff need not be afforded additional attempts to plead a claim and the dismissal of the FAC and causes of action should be with prejudice.

Dated: April 18, 2016

MURPHY, PEARSON, BRADLEY & FEENEY

By _____/S/_____
Jeff C. Hsu
Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

JCH.21032835.doc

CERTIFICATE OF SERVICE

I, Teresa Harris, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 550 S. Hope Street, Suite 650, Los Angeles, CA 90071.

On April 18, 2016, I served the following document(s) on the parties in the within action:

**DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Los Angeles, California on this date, addressed as follows: |
| X | **VIA ECF/LEXIS/NEXIS FILE AND SERVE:** By causing a true and correct copy thereof to be served through Lexis/Nexis File & Serve addressed to all parties appearing on the Lexis/Nexis File & Serve electronic service list. |
| | **VIA FACSIMILE**: The above-described document(s) will be transmitted via facsimile, and a copy of same will be mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

Stuart M. Price                                    Attorney For Plaintiff
Price & Associates, ALC                     ROBERT HINDERSTEIN
15760 Ventura Blvd., Suite 1100
Encino, CA  91436

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 18, 2016.

By _____
        Teresa Harris

- 9 -