Thomas J. D'Amato - 219174
   TDamato@mpbf.com
Jeff C. Hsu - 246125
   JHsu@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA  90071
Telephone:   (213) 327-3500
Facsimile:   (213) 627-2445

Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>             Plaintiff,<br><br>       v.<br><br>ADVANCED CALL CENTER<br>TECHNOLOGIES, LLC,<br><br>             Defendants. | Case No.: 2:15-cv-10017-DTB<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:    March 2, 2017<br>Hearing Time:   10:00 a.m.<br>Courtroom.:        3<br><br>[Notice of Motion, Memorandum of Points and Authorities, Separate Statement of Undisputed Facts and Declarations of Marc Keller and Jeff C. Hsu Filed Concurrently] |

Defendant ADVANCED CALL CENTER TECHNOLOGIES, LLC ("Defendant") hereby request that the Court take judicial notice of the following documents identified below in support of Defendant's concurrently-filed motion for summary judgment pursuant to F.R.C.P. 56(b)(6). The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See F.R.E. 201(b); *U.S. v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir.1993).

   1.     Defendant requests that the Court take judicial notice of the complaint filed

- 1 -

by plaintiff ROBERT HINDERSTEIN ("Plaintiff") in the United States District Court for the Central District of California, *Robert Hinderstein v. Macy's Corporate Services, Inc., et. al..*, Case No. 2:15-cv-07983-DMG-AFM.  A true and correct copy of this complaint is attached hereto as Exhibit A.  It is proper for the Court to take judicial notice of court records filed by a party. See, e.g., *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.); 21 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 5106 (3d ed. 1998 & Supp. 2003) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

2.     For the same reasons and on the same basis, Defendant requests that the Court take judicial notice of the complaint filed by Plaintiff in the United States District Court for the Central District of California, *Robert Hinderstein v. Synchrony Bank, a corporation, et al.*, Case No. 2:15-cv-00050-AB-KK.  A true and correct copy of this complaint is attached hereto as Exhibit B.

Dated:

MURPHY, PEARSON, BRADLEY & FEENEY

By /s/ Jeff C. Hsu
Jeff C. Hsu
Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

JCH.Document in ProLaw

- 2 -

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

CASE NO.
2:15-CV-10017-DTB

PRICE LAW GROUP, APC
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Stuart@pricelawgroup.com

Attorney for Plaintiff
ROBERT HINDERSTEIN

## DISTRICT COURT OF CALIFORNIA

## IN THE CENTRAL DISTRICT

| | |
|---|---|
| ROBERT HINDERSTEIN<br><br>     Plaintiff,<br><br>vs.<br><br>MACY'S CORPORATE SERVICES INC., a corporation; BLOOMINGDALES INC., a corporation; DEPARTMENT STORES NATIONAL BANK,  a corporation,<br><br>     Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Exceeds $10,000 |

## <u>COMPLAINT FOR DAMAGES</u>

### I.  INTRODUCTION

1.  Robert Hinderstein ("Plaintiff") brings this action against Macy's Corporate Services Inc., Bloomingdales, Inc., and Department Stores National Bank ("herein collectively Defendants") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"), as well as the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibit creditors

**EXHIBIT A**

**000003**

from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.   JURISDICTION

2.     Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

3.     Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendants transact business within this District.

## III.   PARTIES

4.     Plaintiff is a natural person residing in Agoura Hills, Los Angeles County, California 91301.

5.     Plaintiff is a natural person from whom a debt collectors seek to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6.     Upon information and belief, Defendant Department Stores National Bank (hereinafter "DSNB"), a subsidiary of Citibank, N.A., is located in Sioux Falls, Minnehaha County, South Dakota and can be served with process by serving the Office of the President, Department Stores National Bank, located at 701 East 60th Street, Sioux Falls, SD 57104; D

7.     Defendants Bloomingdales Inc. (hereinafter "Bloomingdales") and Macy's Inc. (hereinafter "Macy's") are both located at 7 West 7th Street, Hamilton County, Cincinnati, OH 45202 and each have their statutory agent in California, CSC Lawyer's Incorporating Service located at 2710 Gateway Oaks Drive Suite 150N Sacramento, CA 95833.

8.     Upon information and belief, the telephone numbers (727) 556-5492; (727) 556-7300; (513) 754-9822; (513) 373-8028; (513) 754-9873; (727) 556-5772; (513) 573-7978; and (800) 295-4057 all belong to Defendants.

- 2 -
COMPLAINT FOR DAMAGES

**EXHIBIT A**
**000004**

9.      In the ordinary course of business, regularly, on behalf of itself or others, Defendants engage in debt collection.  Thus, Defendants are a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6). Defendants regularly engage in the collection of debt by telephone in several states including, California.

10.     Defendants businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

11.     Within the last year, Defendants attempted to collect on consumer debt(s) from Plaintiff.

12.     The debt(s) that Defendants are attempting to collect on are an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

13.     During the course of their attempts to collect debt(s), Defendants sent to alleged debtor bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15.     Plaintiff will seek leave to amend this Complaint if it learns of any parties that should have been named, but were unknown to Plaintiff at the time of the filing of this complaint.

### IV.      FACTUAL ALLEGATIONS

16.     Defendants are attempting to collect alleged consumer debt(s) from Plaintiff.

17.     Plaintiff's alleged debt(s) are money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction,

- 3 -
COMPLAINT FOR DAMAGES

**EXHIBIT A**

**000005**

which qualifies as "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

18. Upon information and belief, defendant Department Stores National Bank is the financial institution for all accounts held by Plaintiff for which defendant Macy's or Bloomingdale's were attempting to collect a debt.

19. Defendant Department Stores National Bank is listed on all statements or bills submitted by Defendants to Plaintiff and DSNB is the issuing bank of the Macy's and Bloomingdales store credit cards.

20. All of the accounts listed herein are related to Macy's and Bloomingdale's Department Stores, and as mentioned in paragraph 7 above, both appear to be owned or controlled by the same entity and are located at the same physical address.

21. Between the dates of April 17, 2015 and July 30, 2015, Defendants caused Plaintiff's cellular telephone number (818) 620-9430 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

22. On May 6, 2015 at 5:18 pm, Plaintiff received a phone call from telephone number (800) 295-4057. Plaintiff answered the call and unequivocally revoked consent to be contacted on his cellular phone.

23. When Plaintiff answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

24. Upon information and belief, telephone number (800) 295-4057 belongs to Department Stores National Bank, and upon information and belief, the calls were made in an attempt to collect on a Macy's and/or Bloomingdale's Account.

25. After the May 6, 2015 call, Plaintiff received approximately one-hundred fourteen (114) additional calls from telephone number (800) 295-4057.

26. Upon information and belief, the telephone numbers (727) 556-5492; (727) 556-7300; (513) 754-9822; (513) 373-8028; (513) 754-9873; (727) 556-5772; (513) 573-7978 belong to Defendants Macy's and/or Bloomingdales.

- 4 -
COMPLAINT FOR DAMAGES

EXHIBIT A

000006

27. On May 19, 2015 at 11:10 am Plaintiff received a telephone call to his cellular telephone from number (727) 556-5772. Plaintiff answered his cellular phone and unequivocally revoked consent to be called.

28. Defendants continued to contact Plaintiff approximately one-hundred thirty-four (134) additional times regarding his Macy's and/or Bloomingdales account between May 19, 2015 and July 30, 2015.

29. When Plaintiff answered the May 19, 2015 collection call, Plaintiff heard a pause before the agent began to speak, indicating that the calls originated from an automated telephone dialing system.

30. On July 8, 2015 at 8:11 a.m., Plaintiff once again received a telephone call to his cellular telephone from number (800) 295-4057. Plaintiff answered his cellular phone and unequivocally revoked consent to be called for a second time.

31. In total, Plaintiff received approximately 248 phone calls related to his Macy's and/or Bloomingdale's accounts after he revoked consent to be called on his cellular phone.

32. The purpose of the repeated phone calls was an attempt to collect an alleged debt.

33. Defendants' are familiar with the FDCPA and RFDCPA.

34. Defendants' conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

35. Defendants' conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

36. The approximately two-hundred and fifty (250) phone calls placed from Defendants to Plaintiff's cellular phone after he revoked consent, caused Plaintiff extreme emotional distress and aggravation.

//

//

//

- 5 -
COMPLAINT FOR DAMAGES

EXHIBIT A
000007

## V. CAUSE OF ACTION

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendants violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowingly and/or willfully violated the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

//

//

EXHIBIT A
000008

## COUNT II

### DEFENDNAT VIOLATED THE ROSENTHAL
### FAIR DEBT COLLECTION PRACTES ACT, CAL. CIV. CODE § 1788)

40.     Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

41.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(iii)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

42.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

**EXHIBIT A**
**000009**

## VI.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Robert Hinderstein respectfully requests that judgment be entered against Defendant for the following:

(a)    Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(b)    Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b); and

(c)    Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(d)    Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f)    For such other and further relief as the Court may deem just and proper.

## VII.    <u>DEMAND FOR JURY TRIAL</u>

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: <u>October 9, 2015</u>                    PRICE LAW GROUP, APC

By: ___*/s/ Stuart M Price*_____

Stuart M. Price (SBN 150439)
**Attorney for Plaintiff**
**Robert Hinderstein**

- 8 -
COMPLAINT FOR DAMAGES

EXHIBIT A
000010

**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Stuart@pricelawgroup.com

Attorneys for Plaintiff
ROBERT HINDERSTEIN

## DISTRICT COURT OF CALIFORNIA

## IN THE CENTRAL DISTRICT

| | |
|---|---|
| ROBERT HINDERSTEIN<br><br>Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK, a corporation; GENPACT INTERNATIONAL, INC., a corporation, and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.: 2:16-cv-00050-PLA<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Exceeds $10,000 |

## COMPLAINT FOR DAMAGES

### I. INTRODUCTION

1. Robert Hinderstein ("Plaintiff") brings this action against Synchrony Bank and Genpact International ("Defendants") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"), as well as the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibit creditors from

- 1 -
COMPLAINT FOR DAMAGES

**EXHIBIT B**

**000011**

Case 2:15-cv-10017-DTB Document 43-3 Filed 12/30/16 Page 12 of 19 Page ID
#:288
Case 2:16-cv-00050-AB-KK Document 20 Filed 02/11/16 Page 2 of 3 Page ID#:58

engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II. JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., 28 U.S.C. 1331, and 15 U.S.C. § 1692k(d).

3. Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendants' collection communications were received by Plaintiff within this District and Defendants do or transact business within this District.

## III. PARTIES

4. Plaintiff is a natural person residing in Agoura Hills, Los Angeles County, California 91301.

5. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the FDCPA 15 U.S.C. §1692a, and the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6. Upon information and belief, defendant Synchrony Bank is located at 170 W. Election Rd. Suite 125 Draper, UT 84020 and can be served with process by serving its registered agent CT Corporation System at 818 West 7th Street Suite 930 Los Angeles, CA 90017.

7. Upon information and belief, defendant Genpact International is located at 1155 Avenue of the Americas, 4th Floor New York, NY 10036 and can be served with process by serving its registered agent National Corporate Research, Ltd. 600 Wilshire Blvd, Suite 980 Los Angeles, CA 90017.

8. Upon information and belief, the telephone numbers (877) 822-2014; (866) 544-0753; (844) 370-0315; (844) 370-0307 all belong to Defendants.

- 2 -
COMPLAINT FOR DAMAGES

**EXHIBIT B**

**000012**

9.      In the ordinary course of business, regularly, on behalf of itself or others, Defendants engage in debt collection.  Thus, Defendants are "debt collectors" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6). Defendants regularly engage in the collection of debt by telephone in several states including, California.

10.      Defendants businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

11.      When an unpaid, outstanding account is placed with Defendants it is assigned an account number.

12.      The principal purpose of Defendants business is the collection of debts allegedly owed to third parties.

13.      Within the last year, Defendants attempted to collect on consumer debt(s) from Plaintiff.

14.      The debt(s) that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15.      Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

16.      During the course of its attempts to collect debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17.      Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

18.      The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to

- 3 -
COMPLAINT FOR DAMAGES

**EXHIBIT B**

**000013**

Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

**IV.    FACTUAL ALLEGATIONS**

19.    Defendants are attempting to collect alleged consumer debts from Plaintiff.

20.    Plaintiff's alleged debts are money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

21.    Upon information and belief, defendant Synchrony Bank is listed as the creditor on all written communication regarding the account held by Plaintiff.

22.    Upon information and belief, defendant Genpact International was acting on behalf of defendant Synchrony Bank as its agent during all instances pertinent to this action.

23.    Between the dates of April 16, 2015 and May 29, 2015, Defendants caused Plaintiff's cellular telephone number (818) 620-9430 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

24.    On May 11, 2015 at 3:40 pm, Plaintiff received a phone call from telephone number (844) 370-0315. Plaintiff answered the call and unequivocally revoked consent to be contacted on his cellular phone.

25.    Later that same day, May 11, 2015 at 6:40 pm, Plaintiff received a phone call from telephone number (844) 370-0315. Plaintiff answered the call and unequivocally revoked consent to be contacted on his cellular phone for a second time.

26.    When Plaintiff answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

27.    The telephone number (844) 370-0315 belongs to Genpact International, acting as agent for Synchrony Bank, and upon information and belief, the calls were made in an attempt to collect on a TJ Max Account.

**EXHIBIT B**

**000014**

28.     After the May 11, 2015 call, Plaintiff received approximately fifty-two (52) additional calls from Defendants from May 11, 2015 through May 29, 2015.

29.     The purpose of the repeated phone calls was an attempt to collect an alleged debt.

30.     Defendants are familiar with the FDCPA and RFDCPA.

31.     Defendants' conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

32.     Defendants' conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

33.     The approximately one-hundred thirty-two (132) phone calls placed from Defendants to Plaintiff's cellular phone caused Plaintiff extreme emotional distress and aggravation.

## V.     CAUSE OF ACTION

### COUNT I

### DEFENDNATS SYNCHRONY AND GEN PACT

### VIOLATED THE TCPA, 47 U.S.C. § 227

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     All Defendants violated the TCPA.  Defendants' violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or

- 5 -
COMPLAINT FOR DAMAGES

EXHIBIT B

000015

prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)    Within four years prior to the filing of this action, on multiple occasions Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowingly and/or willfully violated the TCPA.

36.    As a result of All Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### DEFENDANT GEN PACT VIOLATED
### THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692b et. Seq.

37.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

38.    Defendant Gen Pact violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)    Defendant Gen Pact violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)    Defendant Gen Pact violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii)    Defendant Gen Pact violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

- 6 -
COMPLAINT FOR DAMAGES

**EXHIBIT B**

**000016**

Case 2:16-cv-00050-AB-KK Document 20 Filed 02/11/16 Page 9 of 9 Page ID#:69

(iii)    Defendant Gen Pact violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

39.    Defendant Gen Pact's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40.    As a result of the foregoing violations of the FDCPA, Defendant Gen Pact is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

### DEFENDNAT GEN PACT VIOLATED THE ROSENTHAL

### FAIR DEBT COLLECTION PRACTES ACT, CAL. CIV. CODE § 1788)

41.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

42.    All Defendants violated the RFDCPA.  Defendants' violations include, but are not limited to, the following:

(a)    All Defendants violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)    Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii)    Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

COMPLAINT FOR DAMAGES

**EXHIBIT B**

**000017**

(iii) Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

43. All Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44. As a result of the foregoing violations of the RFDCPA, all Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## VI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Robert Hinderstein respectfully requests that judgment be entered against Defendants Synchrony and Gen Pact for the following:

(a) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(b) Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b); and

(c) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(d) Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Further against Defendant Gen Pact, Plaintiff respectfully requests judgment be entered for the following:

(e) Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

(f) Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

(g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3); and

(h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

**EXHIBIT B**

**000018**

(i)     For such other and further relief as the Court may deem just and proper.

## VII.     DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.


                                        RESPECTFULLY SUBMITTED,

Dated: February 11, 2016                  PRICE LAW GROUP, APC



                              By: */s/ Stuart M. Price_____*

                                   Stuart M. Price (SBN 150439)
                                   **Attorney for Plaintiff**
                                   **Robert Hinderstein**

- 9 -
COMPLAINT FOR DAMAGES

**EXHIBIT B**

**000019**