Thomas J. D'Amato - 219174
    TDamato@mpbf.com
Jeff C. Hsu - 246125
    JHsu@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA  90071
Telephone:  (213) 327-3500
Facsimile:  (213) 627-2445

Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA– EASTERN DIVISION

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC,<br><br>    Defendants. | Case No.: 2:15-cv-10017 DTB<br><br>**DECLARATION OF JEFF C. HSU IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        March 2, 2017<br>Time:       10:00 a.m.<br>Courtroom:  3<br><br>[Notice of Motion, Memorandum of Points and Authorities, Request for Judicial Notice, Separate Statement of Undisputed Facts and Declaration of Marc Keller Filed Concurrently] |

I, Jeff C. Hsu, declare that:

1.     I am an attorney duly licensed to practice in all courts of the State of California, and am a Director with the law firm of Murphy, Pearson, Bradley & Feeney, attorneys of record for Defendant ADVANCED CALL CENTER TECHNOLOGIES, LLC ("Defendant") herein.  I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of

- 1 -
DECLARATION OF JEFF C. HSU

CASE NO.
2:15-CV-10017-DTB

my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2.    Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Response to Defendant's First Set of Interrogatories.

3.    Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's Response to Defendant's First Set of Request for Admissions.

4.    I am in possession of two digital audio files, produced by Defendant in discovery, and which I am informed and believe constitute true and correct recordings of two calls between Plaintiff and agents of Defendant: one beginning at 11:05 a.m. Pacific Time on May 10, 2015, and one beginning at 3:00 p.m. Pacific Time on August 31, 2015. These digital audio files are authenticated in Paragraphs 28 and 29 of the concurrently-filed Declaration of Marc Keller.

5.    I have prepared a true and correct transcript of the May 10, 2015 recorded telephone call between Plaintiff and agents of Defendant.  The transcript is attached hereto as Exhibit 3.

6.    I have prepared a true and correct transcript of the August 31, 2015 recorded telephone call between Plaintiff and agents of Defendant.  The transcript is attached hereto as Exhibit 4.

7.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this 30th day of December 2016, in Los Angeles, California.

Date: December 30, 2016

By: /s/ Jeff C. Hsu

Jeff C. Hsu

JCH.3074165.docx

- 2 -

DECLARATION OF JEFF C. HSU

CASE NO.
2:15-CV-10017-DTB

**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
*Attorneys for Plaintiff,*
*Robert Hinderstein*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>     Plaintiff,<br><br>v.<br><br>ADVANCED CALL CENTER<br>TECHNOLOGIES, LLC,<br><br>     Defendants. | Case No.: 2:15-cv-10017 JAK (DTBx)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S FIRST SET OF INTERROGATORIES**<br><br>Complaint Filed:      December 31, 2015<br>Discovery Cut-Off:   October 17, 2017<br>Pre-Trial Conference: March 27, 2017<br>Trial:                        April 11, 2017 |

**PLAINTIFF'S RESPONSE TO DEFENDANT ADVANCED CALL**

**CENTER TECHNOLOGIES, LLC'S FIRST SET OF INTERROGATORIES:**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the total number of telephone calls that Plaintiff contends he received from Defendant.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine.  Subject to, and without waiver of the

- 1 -

**EXHIBIT 1**
**000003**

foregoing objections, Plaintiff states forty-nine (49) calls.

**INTERROGATORY NO. 2:**

Identify each telephone communication that Plaintiff contends he received from Defendant.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope.  Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiver of the foregoing objections, Plaintiff directs Defendant to response to RFP #4.

**INTERROGATORY NO. 3:**

State each telephone number that Plaintiff believes Defendant contacted Plaintiff from.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine.  Subject to, and without waiver of the foregoing objections, Plaintiff states that this information was provided in paragraph 21 of his first amended petition: (866) 534-3753; (866) 312-8374; and (866) 445-6538.

**INTERROGATORY NO. 4:**

Describe the content of any telephone call during which Plaintiff communicated with Defendant.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome

- 2 -

**EXHIBIT 1**

**000004**

and not reasonably limited as to scope. Plaintiff also objects to this Interrogatory on the grounds that it seeks information that is neither relevant to a party's claim nor proportional to the needs of the case. Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiver of the foregoing objections, Plaintiff states that when he spoke to a representative he stated "do not call me again."

**INTERROGATORY NO. 5:**

Identify each communication between Plaintiff and Defendant.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope. Plaintiff also objects to this Interrogatory on the grounds that it seeks information that is neither relevant to a party's claim nor proportional to the needs of the case. Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiver of the foregoing objections, Plaintiff directs Defendant to his responses to Defendant's Request for Production of Documents.

**INTERROGATORY NO. 6:**

Identify any communication between Plaintiff and Defendant when Plaintiff asked that Defendant cease attempting to contact Plaintiff via telephone.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope. Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and

- 3 -

**EXHIBIT 1**
**000005**

without waiver of the foregoing objections, Plaintiff directs Defendant to response to RFP #4.

**INTERROGATORY NO. 7:**

Identify each telephone communication that Plaintiff contends he received from Defendant after Plaintiff requested that Defendant cease attempting to contact Plaintiff via telephone.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope. Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiver of the foregoing objections, Plaintiff directs Defendant to RFP response # 4.

**INTERROGATORY NO. 8:**

Does Plaintiff contend that he did not give Synchrony express consent to call his cell phone?

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope. Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiver of the foregoing objections, Plaintiff states that he does not believe he ever gave Synchrony express consent to call his cellular telephone.

- 4 -

**EXHIBIT 1**
**000006**

**INTERROGATORY NO. 9:**

Describe any conduct by Defendant that Plaintiff contends violated the FDCPA.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope.  Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiver of the foregoing objections, Plaintiff states that the number of calls per day and the aggregate number of calls in a short period constitute a violation of the FDCPA.

**INTERROGATORY NO. 10:**

Describe any conduct by Defendant that Plaintiff contends violated the RFDCPA.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope.  Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiver of the foregoing objections, Plaintiff states that the number of calls per day and the aggregate number of calls in a short period constitute a violation of the FDCPA.

**INTERROGATORY NO. 11:**

Describe any actual damages allegedly suffered by Plaintiff as a result of Defendant's alleged violations of the FDCPA.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope.  Plaintiff further objects that this Interrogatory

- 5 -

**EXHIBIT 1**
**000007**

calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiver of the foregoing objections, Plaintiff states that during the time period in question the number of calls per day and the aggregate number of calls in a short period disrupted his ability to perform work, carry on conversations with family and friends, and disrupted the use of his personal cellular telephone.

**INTERROGATORY NO. 12:**

Describe any actual damages allegedly suffered by Plaintiff as a result of Defendant's alleged violations of the RFDCPA.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope. Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiver of the foregoing objections, Plaintiff states that during the time period in question the number of calls per day and the aggregate number of calls in a short period disrupted his ability to perform work, carry on conversations with family and friends, and disrupted the use of his personal cellular telephone.

**INTERROGATORY NO. 13:**

State the amount of attorney's fees incurred by Plaintiff in this matter as of May 31, 2016.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope. Plaintiff also objects to this Interrogatory on the grounds that it seeks information that is neither relevant to a party's claim nor proportional to the needs of the case. Plaintiff further objects that this Interrogatory calls

- 6 -

**EXHIBIT 1**
**000008**

for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine.

**INTERROGATORY NO. 13:**

State the balance due on the GAP Card on April 23, 2015.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope. Plaintiff also objects to this Interrogatory on the grounds that it seeks information that is neither relevant to a party's claim nor proportional to the needs of the case. Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects because Defendant maintains the information that it seeks from Plaintiff in its ordinary course of business, and therefore, the information sought is already in Defendant's possession or control.

**INTERROGATORY NO. 14:**

State the balance due on the GAP Card on May 10, 2015.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably limited as to scope. Plaintiff also objects to this Interrogatory on the grounds that it seeks information that is neither relevant to a party's claim nor proportional to the needs of the case. Plaintiff further objects that this Interrogatory calls for information that is confidential and privileged from disclosure pursuant to attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects because Defendant maintains the information that it seeks from Plaintiff in its ordinary course of business, and therefore, the information sought is already in Defendant's possession or control.

**EXHIBIT 1**
**000009**

## VERIFICATION

I, Robert Hinderstein, am the Plaintiff in this action, and I have provided and read the foregoing answers to interrogatories and know the contents thereof, and swear that the same are true to the best of my knowledge, information, and belief.

Date: 9/15/16

Signature:

Dated: September 16, 2016

By: /s/Stuart Price
Stuart M. Price (SBN 150439)
PRICE LAW GROUP, APC
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
Robert Hinderstein

INTERROGATORIES                    -8-

EXHIBIT 1
000010

*Hinderstein v. Advanced Call Center Technologies et al.*
**USDC, Case No. 2:15-cv-10017 JAK**

## CERTIFICATE OF SERVICE

On September 16, 2016, I served a true copy of **PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES TO PLAINTIFF** on all interested parties in this action by:

[ X ]    By depositing it in the United States mail in a sealed envelope with the postage thereon fully prepaid to the following:

Jeff C. Hsu
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA 90071

Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

[  ]    By overnight delivery using an envelope or package provided by the overnight service carrier and addressed to the following:

[ ]    By ECF:  On this date, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to the following:

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on September 16, 2016.

_____
Florence Lirato

- 9 -

**EXHIBIT 1**
**000011**

**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
*Attorneys for Plaintiff,*
*Robert Hinderstein*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>        Plaintiff,<br><br>v.<br><br>ADVANCED CALL CENTER<br>TECHNOLOGIES, LLC,<br><br>        Defendants. | Case No.: 2:15-cv-10017 JAK (DTBx)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S REQUEST FOR ADMISSIONS**<br><br>Complaint Filed:        December 31, 2015<br>Discovery Cut-Off:        October 17, 2017<br>Pre-Trial Conference: March 27, 2017<br>Trial:                April 11, 2017 |

## PLAINTIFF'S RESPONSE TO DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S FIRST SET OF REQUEST FOR ADMISSIONS

It should be noted that this responding party had not fully completed investigation of the facts relating to this case and discovery is continuing in this action. All responses contained herein are based only upon such information and documents which are presently available to and specifically known to responding party.

- 1 -

**EXHIBIT 2**
**000012**

It is anticipated that continuing discovery, independent investigation, legal research, and analysis will supply additional facts resulting in further information and documents. The following responses are given without prejudice to this responding party's right to produce evidence of any subsequently discovered facts or documents. The responses contained herein are made in a good faith effort to supply information and documents presently in this responding party's custody, control, and/or possession, or within her knowledge, but should in no way be to the prejudice of this responding party in relation to further discovery, research, and analysis.

## I.   REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSIONS NO. 1:**

Admit that Defendant never attempted to contact you via e-mail.

**Response:   Deny**

**REQUEST FOR ADMISSIONS NO. 2:**

Admit that Defendant never contacted you via e-mail.

**Response: Admit**

**REQUEST FOR ADMISSIONS NO. 3:**

Admit that Defendant never attempted to contact you via facsimile.

**Response: Deny**

**REQUEST FOR ADMISSIONS NO. 4:**

Admit that Defendant never contacted you via facsimile.

**Response: Admit**

**REQUEST FOR ADMISSIONS NO. 5:**

Admit that you had two (2) telephone conversations with Defendant and/or its representatives.

- 2 -

**EXHIBIT 2**
**000013**

**Response: Admit**

**<u>REQUEST FOR ADMISSIONS NO. 6:</u>**

Admit that, during a telephone conversation you had with Defendant and/or its representatives, you requested that Defendant cease contacting or attempting to contact you at the telephone number (818) 620-9430.

**Response: Admit**

**<u>REQUEST FOR ADMISSIONS NO. 7:</u>**

Admit that, after you had a telephone conversation you had with Defendant and/or its representatives wherein you requested that Defendant cease contacting or attempting to contact you at the telephone number (818) 620-9430, Defendant ceased contacting you at the telephone number (818) 620-9430.

**Response: Deny**

**<u>REQUEST FOR ADMISSIONS NO. 8:</u>**

Admit that, after you had a telephone conversation you had with Defendant and/or its representatives wherein you requested that Defendant cease contacting or attempting to contact you at the telephone number (818) 620-9430, Defendant ceased attempting to contact you at the telephone number (818) 620-9430.

**Response: Deny**

**<u>REQUEST FOR ADMISSIONS NO. 9:</u>**

Admit that, after you had a telephone conversation you had with Defendant and/or its representatives wherein you requested that Defendant cease contacting or attempting to contact you at the telephone number (818) 620-9430, you voluntarily contacted Defendant.

**Response: Deny**

**<u>REQUEST FOR ADMISSIONS NO. 10:</u>**

Admit that, during your telephone conversations with Defendant, Defendant and/or its representatives did not engage in annoying verbal behavior.

**Response: Deny**

- 3 -

**EXHIBIT 2**

**000014**

**REQUEST FOR ADMISSIONS NO. 11**

Admit that, during your telephone conversations with Defendant, Defendant and/or its representatives did not engage in abusive verbal behavior.

**Response: Admit**

**REQUEST FOR ADMISSIONS NO. 12:**

Admit that, during your telephone conversations with Defendant, Defendant and/or its representatives did not engage in harassing verbal behavior.

**Response: Admit**

**REQUEST FOR ADMISSIONS NO. 13:**

Admit that the only behavior of Defendant that you allege is annoying, abusive, or harassing is the alleged act of Defendants' repeated calls to the telephone number (818) 620-9430 between the dates of April 23, 2015 and May 10, 2015.

**Response: Admit**

**REQUEST FOR ADMISSIONS NO. 14:**

Admit that Defendant did not leave you any voicemails.

**Response: Deny**

**REQUEST FOR ADMISSIONS NO. 15:**

Admit that the cellular phone or phones that you used linked to the telephone number (818) 620-9430 between the dates of April 23, 2015 and May 10, 2015 possessed the capability to "block" calls from specified telephone numbers.

**Response: Deny**

**REQUEST FOR ADMISSIONS NO. 16:**

Admit that the cellular phone or phones that you used linked to the telephone number (818) 620-9430 between the dates of April 23, 2015 and May 10, 2015 possessed the capability to "ignore" calls from specified telephone numbers.

**Response: Deny**

**REQUEST FOR ADMISSIONS NO. 17:**

Admit that you sustained no actual damages, as that term is used in Paragraph 33

- 4 -

**EXHIBIT 2**

**000015**

of the Complaint.

**Response: Deny**

**REQUEST FOR ADMISSIONS NO. 18:**

Admit that you sustained no actual damages, as that term is used in Paragraph 37 of the Complaint.

**Response: Deny**

**REQUEST FOR ADMISSIONS NO. 19:**

Admit that the only violation by Defendant of the FDCPA you currently allege is the alleged act of Defendants' repeated calls to the telephone number (818) 620-9430 between the dates of April 23, 2015 and May 10, 2015.

**Response: Admit**

**REQUEST FOR ADMISSIONS NO. 20:**

Admit that the only violation by Defendant of the RFDCPA you currently allege is the alleged act of Defendants' repeated calls to the telephone number (818) 620-9430 between the dates of April 23, 2015 and May 10, 2015.

**Response: Admit**

**REQUEST FOR ADMISSIONS NO. 21:**

Admit between the dates of April 23, 2015 and May 10, 2015 there was an unpaid and owing balance on your GAP Card.

**Response: Admit**

Dated: September 16, 2016

Respectfully submitted,

By: */s/Stuart Price*
Stuart M. Price (SBN 150439)
**PRICE LAW GROUP, APC**
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
Robert Hinderstein

- 5 -

**EXHIBIT 2**
**000016**

*Hinderstein v. Advanced Call Center Technologies et al.*
<u>USDC, Case No. 2:15-cv-10017 JAK</u>

<u>**CERTIFICATE OF SERVICE**</u>

On September 16, 2016, I served a true copy of **PLAINTIFF'S RESPONSE TO DEFENDANT'S DEMAND FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** on all interested parties in this action by:

[ X ]   By depositing it in the United States mail in a sealed envelope with the postage thereon fully prepaid to the following:

Jeff C. Hsu
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA  90071

Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

[   ]   By overnight delivery using an envelope or package provided by the overnight service carrier and addressed to the following:

[ ]   By ECF:  On this date, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to the following:

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on September 16, 2016.

_____
Florence Lirato

- 6 -

**EXHIBIT 2**

**000017**

**TRANSCRIPT OF CALL BEGINNING AT 11:05 A.M. (P.T.) ON MAY 10, 2015**

| Speaker | Transcription |
|---|---|
| Jason Gussler | Rob? |
| Robert Hinderstein | Hello? |
| Jason Gussler | Hello Rob – Hinderstein? |
| Robert Hinderstein | Who's this? |
| Jason Gussler | My name is Mr. Gussler.  I'm calling from Advanced Call Center Technologies on behalf of Synchrony Bank in regard to your Gap Visa card account.  I just briefly – |
| Robert Hinderstein | (talking over) [unintelligible]  Mr. Gusstiter?  [phonetic] |
| Jason Gussler | I'm sorry. |
| Robert Hinderstein | Mr. Gusstiter? |
| Jason Gussler | Gussler.  And I'm calling from Advanced Call Center Technologies.  It's on behalf of Synchrony Bank in regard to your Gap Visa card account.  I do briefly [have to] – |
| Robert Hinderstein | (talking over)  OK, well right now I'm going through a divorce and I don't have any money to pay you guys right now, so – just please don't call me again.  OK? Thank you. |
| Jason Gussler | OK.  Real quick, sir.  Um, I do have to state that this is an attempt to collect the debt and any information obtained will be for that purpose.  The entire call is either being monitored or recorded for quality assurance purposes.  [silence] Hello, Mr. Hinderstein?  [short silence]  Releasing call. |
| | - END - |

**EXHIBIT 3**

**000018**

**TRANSCRIPT OF CALL BEGINNING AT 3:00 P.M. (P.T.) ON AUGUST 31, 2015**

| Speaker | Transcription |
|---|---|
| Dakota Gilbert | Thank you for holding.  This is Ms. Gilbert.  The entire call's [recorded] now.  Can I help you? |
| Robert Hinderstein | Yeah, I want to find out – this is Mr. Hinderstein – who Advanced is representing – which one of my credit cards? |
| Dakota Gilbert | OK.  What's the phone number associated with your file, sir? |
| Robert Hinderstein | 818-620-9430. |
| Dakota Gilbert | OK.  And this is Rob Hinderstein?  Is that correct? |
| Robert Hinderstein | Yep.  [That's right.] |
| Dakota Gilbert | My name's Dakota.  I already told you the entire call is going to be monitored or recorded.  You've contacted Advanced Call Center Technologies on behalf of Synchrony Bank in regards to your Gap Visa card account.  Um, it is an attempt to collect [you've gotten any] information _____ [unintelligible] to be used for that purpose.  Um, it does look like your account is actually at a zero balance right now.  Um, if you'd give me one moment here – to see what's going on for you.  Um, it does look like your account charged off on the 31st of July, unfortunately. |
| Robert Hinderstein | OK. |
| Dakota Gilbert | Um, so at that point, Synchrony Bank [cut off] |
| | - END - |

- 1 -
TRANSCRIPT OF CALL BEGINNING AT 3:00 P.M. (P.T.) ON AUGUST 31, 2015

**EXHIBIT 4**

**000019**