Thomas J. D'Amato - 219174
     TDamato@mpbf.com
Jeff C. Hsu - 246125
     JHsu@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA  90071
Telephone:   (213) 327-3500
Facsimile:   (213) 627-2445

Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>                    Plaintiff,<br><br>          v.<br><br>ADVANCED CALL CENTER<br>TECHNOLOGIES, LLC,<br><br>                    Defendants. | Case No.: 2:15-cv-10017 DTB<br><br>**DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S TRIAL BRIEF** |

## I.    INTRODUCTION

Pursuant to the parties telephone status conference held before Magistrate Judge David T. Bristow and this Court's Minute Order of January 30, 2017 (Document No. 51), Defendant ADVANCED CALL CENTER TECHNOLOGIES, LLC ("Defendant") submits the following Trial Brief as to Plaintiff ROBERT HINDERSTEIN's ("Plaintiff") remaining claims for harassment under the Federal Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692d) and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") (Cal. Civ. Code § 1788.17).

- 1 -

## II.   STATEMENT OF FACTS

Defendant incorporates and references the undisputed material facts which are contained within the previously filed Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment (Document No. 43-1) and Separate Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment (Document No. 43-2).[1]   However, for purposes of convenience, Defendant briefly restates the salient undisputed facts.

Plaintiff maintained a GAP-branded credit card, issued by Synchrony Financial ("Synchrony"). *Sep. Stmt.* at ¶ 1.  In or around early 2015, Plaintiff was delinquent on his GAP credit card account, among others, and maintained an outstanding balance of approximately $2,202.00. *Sep. Stmt.* at ¶¶ 2, 3, 4.

Defendant engages in the collection of debts on behalf of creditors, including Synchrony.  *Sep. Stmt.* at ¶ 5.  Synchrony placed Plaintiff's credit card account with Defendant for collections on or about April 3, 2015. *Sep. Stmt.* at ¶ 6.  Synchrony also represented to Defendant that Plaintiff provided the following home telephone number at the time he applied for the Credit Card: (818) 620-9430. *Sep. Stmt.* at ¶ 7.

On April 3, 2015, Defendant mailed Plaintiff a Debt Validation Notice to the address provided for Plaintiff by Synchrony. *Sep. Stmt.* at ¶ 8. This is the only written communication Defendant has ever sent or received with Plaintiff prior to the commencement of this lawsuit. *Sep. Stmt.* at ¶ 9. Afterwards, Defendant attempted to place calls to Plaintiff for the sole purpose of collecting Plaintiff's debt on behalf of Synchrony. *Sep. Stmt.* at ¶ 10. Defendant did not place any calls to Plaintiff for any other purpose or objective, including advertisement or solicitation. *Sep. Stmt.* at ¶ 11.

Plaintiff only complains about 49 calls between the time-period of April 23 to

---

[1] Defendant's previously filed Memorandum of Point Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment (Document No. 43-1) is attached hereto and incorporated by reference as Attachment 1 and the previously filed Separate Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment (Document No. 43-2) is attached hereto and incorporated by reference as Attachment 2.

DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S TRIAL BRIEF   CASE NO.
2:15-CV-10017 DTB

May 10, 2015.[2] *Sep. Stmt.* at ¶ 12. All call attempts from Defendant to Plaintiff were placed between 8:00 a.m. and 9:00 p.m. Pacific Time. *Sep. Stmt.* at ¶ 13. Defendant never attempted to place more than five calls to Plaintiff in a single day. *Sep. Stmt.* at ¶ 14. Defendant allowed at least 90 minutes to elapse between each call that it placed to Plaintiff. *Sep. Stmt.* at ¶ 15. Defendant never intentionally left voicemails for Plaintiff. *Sep. Stmt.* at ¶ 16.

The first and only call from Defendant that Plaintiff answered was placed on May 10, 2015 at approximately 11:05 a.m. Pacific Time. *Sep. Stmt.* at ¶ 17. During this call, Plaintiff advised Defendant's agent that he was going through a divorce and that he had no money to pay the outstanding debt and asked for Defendant's calls to stop. *Sep. Stmt.* at ¶ 18. Prior to this date, Plaintiff never asked Defendant to stop calling him and following this conversation, Defendant made no further calls to Plaintiff. *Sep. Stmt.* at ¶ 19. Plaintiff never told Defendant that he found the number of calls he was receiving from Defendant to be annoying, harassing, abusive or oppressive.

On August 31, 2015 at approximately 3:00 p.m. Pacific Time, Plaintiff called Defendant and asked who they were representing. *Sep. Stmt.* at ¶ 20. There was no further contact between Defendant and Plaintiff until the commencement of this lawsuit. *Sep. Stmt.* at ¶ 21.

## III. DEFENDANT'S THEORY OF THE CASE AND APPLICABLE LEGAL STANDARDS

Following Defendant's Motion to Dismiss, Plaintiff's two remaining claims are: 1) Violation of FDCPA (15 U.S.C. § 1692d) and 2) Violation of California's Rosenthal Act (Cal. Civ. Code § 1788.17), both of which are premised solely on complaints of whether the frequency and timing of forty-nine unanswered telephone calls (49 calls)

---

[2] Defendant's internal records reflect that between April 3, 2015 and May 10, 2015, Defendant attempted to place approximately 140 calls to Plaintiff at the number 818-620-9430. However, not all of the calls were completed or successful and for purposes of this trial brief, Defendant will accept Plaintiff's own admission and complaint of 49 calls between the time-period of April 23 to May 10, 2015 as the call volume at issue. *See Sep. Stmt.* at ¶¶ 12, 22.

DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S TRIAL BRIEF       CASE NO.
                                                                     2:15-CV-10017 DTB

made by Defendant to Plaintiff between the dates of April 23, 2015 and May 10, 2015, constitute violations of the FDCPA and Rosenthal Act. Liability under the Rosenthal Act is derivative of liability under the FDCPA. *Pasquale v. Law Offices of Nelson & Kennard*, 940 F.Supp.2d 1151, 1161 (N.D. Cal. 2013). A defendant that prevails on FDCPA claims will, by definition, prevail on concurrent claims under the Rosenthal Act. *Id.* Therefore, Plaintiff's two surviving claims may be evaluated jointly under the FDCPA framework.

## A.   Harassment under the FDCPA

Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt." 15 U.S.C. § 1692d. The statute includes a non-exhaustive list of conduct that constitutes harassment, oppression or abuse, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

Defendant incorporates and references the arguments and authorities referenced in both its moving papers as well as those opposing Plaintiff's cross-motion for summary judgment which discuss what conduct generally is found to either constitute harassment, or what conduct fails to establish harassment as a matter of law. (Documents Nos. 43 – 48, 50.)[3, 4, 5] However, for the Court's convenience, a few of the salient cases are discussed here. "Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." *Arteaga v. Asset Acceptance, LLC,* 733 F.Supp.2d 1218, 1227 (E.D. Cal. 2010). There is no bright-line rule and court opinions

---

[3] Defendant's previously filed Opposition to Plaintiff's Motion for Summary Judgment (Document No. 47) is attached hereto and incorporated by reference as Attachment 6.

[4] Defendant's previously filed Objections to Plaintiff's Evidence Submitted in Support of Motion for Summary Judgment (Document No. 47-1) is attached hereto and incorporated by reference as Attachment 7.

[5] Defendant's previously filed Reply in Support of Defendant's Motion for Summary Judgment (Document No. 48) is attached hereto and incorporated by reference as Attachment 8.

DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S TRIAL BRIEF   CASE NO.
2:15-CV-10017 DTB

differ as to the amount or pattern of calls sufficient to demonstrate the intent to annoy, harass, or oppress. *See Krapf v. Nationwide Credit Inc.,* 2010 WL 2025323, *3-4 (C.D. Cal. 2010).

Any call from a debt collector may be presumed to be unwelcome, but that alone is insufficient to constitute a violation of the FDCPA or Rosenthal Act.  Likewise, a log of numerous collection calls is not, in itself, evidence of intent to annoy, abuse, or harass. *Martin v. Select Portfolio Serving Holding Corp.,* 2008 WL 618788, at *6 (S.D.Ohio 2008).  Daily collection calls do not constitute a violation, unless they are unaccompanied by other egregious conduct, such as calling immediately after hanging up, calling multiple times in a single day, calling places of employment, family or friends, calling at odd hours, or calling after being asked to stop. *Jones v. ACCT*, 2011 WL 2050195, (N.D. Cal. 2011); *Carman v. CBE Group, Inc.,* 782 F.Supp.2d 1223 (D. Kan. 2011).  Lastly, where a debtor does not answer any of a debt collector's calls, continuing to place calls, even multiple times per day, shows an intent to reach the debtor rather than to harass. *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301, 1305-1306 (M.D. Fla. 2010).

**B.**     **Plaintiff Carries the Burden to Prove Intent to Annoy, Harass or Abuse**

Plaintiff carries the burden of establishing, by a preponderance of the evidence, that Defendant's unanswered telephone calls in this case demonstrate an intent to annoy, harass or abuse.  Plaintiff concedes that his section 1692d claim is premised solely on whether the complained of number of telephone calls made by Defendant constitutes harassment.   However, section 1692d(5) provides specific guidelines as to what constitutes harassing conduct in the context of calling a debtor repeatedly or continuously, and therefore, section 1692d(5) should be the sole basis of Plaintiff s FDCPA claim.  The text of section 1692d(5) recognizes that it is permissible to cause a telephone to ring or engage any person in telephone conversation repeatedly as long as such conduct is not coupled with the intent to annoy, abuse, or harass.  Thus, there are actually two separate elements of proof to this alleged violation: (1) the frequency of the calls; and (2) the intent of the collector in placing those calls.  This specific provision negates the general rule

DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S TRIAL BRIEF          CASE NO.
                                                                        2:15-CV-10017 DTB

that the FDCPA is a strict liability statute and therefore the only possible interpretation is that proof of such intent is an essential element of Plaintiff's case, especially when the only conduct complained of is unanswered telephone calls to Plaintiff.  In this limited context, Plaintiff must show the Defendant debt collector's state of mind in order to meet his burden of proof.

Put differently, section 1692d and section 1692d(5) should not be viewed as separate basis for claims for harassment, but rather as a single statutory basis for a claim of harassment in the context of telephone calls made during the course of debt collection. The Supreme Court has long recognized that "It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word.... A statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Mkt. Co. v. Hoffman,* 101 U.S. 112, 115–116, 25 L.Ed. 782 (1879) (internal quotation marks omitted.) "Every part of a statute must be construed in connection with the whole, so as to make all the parts harmonize, if possible, and give meaning to each. *Id.* at 116.

This rule has long been followed in the Ninth Circuit. *Syverson v. IBM*, 472 F.3d 1072, 1086 (9th Cir. 2007). Thus, courts are bound, if possible, to give effect to all of a statute's parts and to seek a construction that will give force to and preserve all the words of the statute.  Here, holding Plaintiff to a standard of proof pursuant to section 1692d claim based on facts applicable to section 1692d(5) would not only effectively eviscerate the requisite intent contemplated in situations governed by section 1692d(5), but would also render that entire subsection superfluous.  Plaintiff cannot obviate section 1692d(5)'s intent requirement by electing to pursue a section 1692d claim, where the only conduct relied on fits squarely within section 1692d(5).  Any other interpretation would negate the specific language of these statutes.  As such, to prevail, it is Plaintiff's burden to prove by a preponderance of the evidence that Defendant placed the complained of collections telephone calls with an intent to annoy, harass or abuse. (See Ninth Circuit Model Instruction No 1.3)

DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S TRIAL BRIEF     CASE NO.
                                                                   2:15-CV-10017 DTB

## C.   Call Volume and Timing

In the instant case, Plaintiff cannot prove by a preponderance of the evidence that Defendant acted with the intent to harass him.  The undisputed evidence shows that Plaintiff only complains about 49 calls over a period of 18 days, or an average of 2.7 calls per day.  Only one of these calls was ever answered by Plaintiff.  Defendant never called more than five times in a single day, and always waited at least 90 minutes between calls.  All calls from Defendant to Plaintiff were placed between 8:00 a.m. and 9:00 p.m. in Plaintiff's local time zone.  Defendant never intentionally left voicemails and, in each of the instances in which Defendant's collections agents actually communicated with Plaintiff, they clearly identified themselves at the outset of the call.  Moreover, all but one of Defendant's calls occurred before any actual contact had been made with Plaintiff.  This indicates an intent to reach Plaintiff, rather than an intent to harass him.  *Tucker, supra,* 710 F.Supp.2d at 1305.  Most significantly, Defendant discontinued all efforts to contact Plaintiff after he asked for the calls to stop.  These facts compel the conclusion that Defendant called Plaintiff for the sole purpose of collecting the underlying debt, and not with the intent to harass or annoy him.  Such calls cannot serve as a basis for liability under section 1692d (5) of the FDCPA or the Rosenthal Act.

## IV.   RECOVERABLE DAMAGES

### A.   Legal Standards

The FDCPA and Rosenthal Act both provide for penalties of up to $1,000 per litigation.  15 U.S.C. § 1692k(a)(2)(A); *Cal. Civ. Code* § 1788.30(b).  Unlike statutory penalties under the TCPA, FDCPA and Rosenthal Act penalties are not multiplied by the number of violations.  *Wright v. Finance Servs. of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994).  District Courts within the Ninth Circuit are split as to the standard by which emotional distress claims are evaluated in this context.  Some apply the elements of a state-law cause of action for intentional infliction of emotional distress,[6] while others

---

[6] In California, the elements of intentional infliction of emotional distress are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional

DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S TRIAL BRIEF          CASE NO.
2:15-CV-10017 DTB

hold that, once a violation has been proven, the plaintiff may recover for emotional distress independent of state law requirements. *Costa v. Nat'l Action Fin. Servs.* 634 F.Supp.2d 1069, 1078 (E.D.Cal. 2007). Regardless of which standard is applied, Plaintiff "must demonstrate more than transitory symptoms of emotional distress and unsupported self-serving testimony by a plaintiff is not sufficient." *Id.* Plaintiffs under the FDCPA and Rosenthal Act may also recover reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3); *Cal. Civ. Code* § 1788.30. However, as with penalties and actual damages, proof of an actual violation is a prerequisite. *Id.*

## B.    Application to this Case

As set forth in the preceding section, applying the statutory framework to the facts of this case reveals that Plaintiff cannot carry his burden of proof under the FDCPA. Even if Plaintiff could convince this Court that a violation occurred, the parties have stipulated the most he stands to recover as either actual damages/statutory penalties, is $2,000. (See Document No. 41.) There is no basis for an award of emotional distress damages, as it is undisputed that Plaintiff only answered a single call from Defendant.

## V.    DEFENDANT'S EVIDENCE

Defendant offers the following evidence proving that it did not violate the FDCPA or Rosenthal Act, and that Plaintiff has not suffered any harm as a result of Defendant's legitimate collection activities. Defendant's evidence includes:

- Plaintiff's verified responses to Interrogatories where he identifies the total number of complained of telephone calls he received from Defendant.[7]

---

distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." *Molko v. Holy Spirit Assn.*, 46 Cal.3d 1092, 1120 (1988)

[7] Defendant's previously filed Request for Judicial Notice in Support of Defendant's Motion for Summary Judgment (Document No. 43-3) is attached hereto and incorporated by reference as Attachment 3; the previously filed Declaration of Jeff C. Hsu (Document No. 43-4) is attached hereto and incorporated by reference as Attachment 4;

- 8 -

- Declaration of Marc Keller, Defendant's Chief Compliance Officer who describes Defendant's efforts to contact Plaintiff to collect upon the overdue balance owed on his GAP branded credit card.[8]
- Transcript of the one and only call from Defendant that Plaintiff answered; and
- Transcript of the one call that Plaintiff placed to Defendant.

## VI.   CONCLUSION

The evidence demonstrates that Plaintiff cannot carry the burden of proving Defendant intentionally violated the FDCPA and Rosenthal Act.  The indisputable evidence is that all but one of the forty-nine complained of calls, went completely unanswered and were ignored by Plaintiff.  Defendant never left a voice-mail message and Plaintiff only answered the phone once.  After Plaintiff asked Defendant to stop calling, they did.  The fact of the matter is had Plaintiff simply answered any of earlier Defendant's calls and asked for them to stop, they would have.  The evidence clearly demonstrates that Defendant's unanswered calls were unsuccessful efforts by Defendant to reach Plaintiff rather than an intent to harass, annoy or abuse.  Accordingly, Defendant respectfully requests that judgment be granted in its favor.

Dated: February 2, 2017

MURPHY, PEARSON, BRADLEY & FEENEY

By */s/ Jeff C. Hsu*
Jeff C. Hsu
Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

JCH.3079944.docx

---

[8] Defendant's previously filed Declaration of Marc Keller (Document No. 43-5) is attached hereto and incorporated by reference as Attachment 5.

- 9 -

DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S TRIAL BRIEF
CASE NO.
2:15-CV-10017 DTB