Thomas J. D'Amato - 219174
    TDamato@mpbf.com
Jeff C. Hsu - 246125
    JHsu@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA  90071
Telephone:  (213) 327-3500
Facsimile:   (213) 627-2445

Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC,<br><br>Defendants. | Case No.: 2:15-cv-10017-DTB<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  March 2, 2017<br>Hearing Time:  10:00 a.m.<br>Courtroom.:    3<br><br>[Notice of Motion, Memorandum of Points and Authorities, Request for Judicial Notice and Declarations of Marc Keller and Jeff C. Hsu Filed Concurrently] |

Defendant ADVANCED CALL CENTER TECHNOLOGIES, LLC ("Defendant") submits the following Statement of Undisputed Material Facts in support of its concurrently-filed Motion for Summary Judgment as to each claim for relief in the First Amended Complaint of Plaintiff ROBERT HINDERSTEIN ("Plaintiff").

///

///

///

- 1 -

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff maintained a GAP-branded credit card, issued by Synchrony Financial ("Synchrony"). *Declaration of Marc Keller* [*"Keller Decl."*] at paragraph 15; Transcript of May 10, 2015 Call (*Declaration of Jeff C. Hsu* [*"Hsu Decl."*] at Exhibit 3). | |
| 2. In or around early 2015, Plaintiff was delinquent on his GAP credit card account, among others, and maintained an outstanding balance of approximately $2,202.00. *Keller Decl.* at paragraph 15; Debt Validation Notice, *Keller Decl.* at Exhibit 1; Transcript of May 10, 2015 Call (*Hsu Decl.* at Exhibit 3). | |
| 3. Besides this action, Plaintiff has initiated a separate action against Synchrony Bank and Genpact International, Inc., C.D. Case No.: 2:16-cv-0050-PLA, asserting claims for violations of the FDCPA and Rosenthal Act related to a TJ Max account. Notably, in this action, Plaintiff also alleges that between the dates of April 16, 2015 and May 29, 2015, Synchrony and Genpact caused his cellular telephone number to ring repeatedly or continuously with the intent to annoy, abuse, or harass. In total, Plaintiff alleges he received one hundred thirty-two (132) phone calls. Request for Judicial Notice ("RJN") at Exhibit A | |

- 2 -

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 4. Plaintiff has also initiated a separate action against Macy's Corporate Services, Inc., Bloomingdales, Inc., and Department Stores National Bank, C.D. Case No.: 2:15-cv-07983-DMG-AFM, asserting claims for violations of the Telephone Consumer Protection Act ("TCPA") and Rosenthal Act related to various department store credit card accounts. Notably, in this action, Plaintiff also alleges that between the dates of April 17, 2015 and July 30, 2015, Department Stores National Bank, in an attempt to collect on a Macy's and/or Bloomingdale's account caused his cellular telephone number to ring repeatedly or continuously with the intent to annoy, abuse, or harass. In total, Plaintiff alleges he received two hundred forty-eight (248) phone calls.<br><br>RJN at Exhibit B | |
| 5. Defendant engages in the collection of debts on behalf of creditors, including Synchrony.<br><br>*Keller Decl.* at ¶ 1. | |
| 6. Synchrony placed Plaintiff's credit card account with Defendant for collections on April 3, 2015.<br><br>*Keller Decl.* at ¶ 14. | |
| 7. Synchrony also represented to Defendant that Plaintiff provided the following home telephone number at the time he applied for the Credit Card: (818) 620-9430.<br><br>*Keller Decl.* at ¶ 15. | |
| 8. On April 3, 2015, Defendant mailed Plaintiff a Debt Validation Notice to the address provided for Plaintiff by Synchrony Financial.<br><br>*Keller Decl.* at ¶ 15; Debt Validation Notice, *Keller Decl.* at Exhibit 1. | |

- 3 -

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CASE NO. 2:15-CV-10017-DTB

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 9. This is the only written communication Defendant has ever sent or received with Plaintiff prior to the commencement of this lawsuit.<br><br>*Keller Decl.* at ¶ 16. | |
| 10. Afterwards, Defendant attempted to place calls to Plaintiff to for the sole purpose of collecting Plaintiff's debt on behalf of Synchrony.<br><br>*Keller Decl.* at ¶ 27. | |
| 11. Defendant did not place any calls to Plaintiff for any other purpose, including advertisement or solicitation.<br><br>*Keller Decl.* at ¶ 27. | |
| 12. Plaintiff only complains about 49 calls between the time-period of April 23 to May 10, 2015.<br><br>First Amended Complaint at ¶ 21; Plaintiff's Response to Interrogatory Nos. 1, 9 (*Hsu Decl.* at Exhibit 1); Plaintiff's Response to Request for Admissions No. 13 (*Hsu Decl.* at Exhibit 2). | |
| 13. All calls from Defendant to Plaintiff were placed between 8:00 a.m. and 9:00 p.m. Pacific Time.<br><br>*Keller Decl.* at ¶ 5; Call Log (*Keller Decl.* at Exhibit 3). | |
| 14. Defendant never placed more than five calls to Plaintiff in a single day.<br><br>*Keller Decl.* at ¶ 6; Call Log (*Keller Decl.* at Exhibit 3). | |
| 15. Defendant allowed at least 90 minutes to elapse between each call that it placed to Plaintiff.<br><br>*Keller Decl.* at ¶ 6; Call Log (*Keller Decl.* at Exhibit 3). | |

- 4 -

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CASE NO.
2:15-CV-10017-DTB

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 16. Defendant never intentionally left voicemails for Plaintiff. *Keller Decl.* at ¶¶ 7-11. | |
| 17. The first and only call from Defendant that Plaintiff answered was placed on May 10, 2015 at approximately 11:05 a.m. Pacific Time. *Keller Decl.* at ¶¶ 29, 30; Call Log (*Keller Decl.* at Exhibit 3). | |
| 18. During this call, Plaintiff advised Defendant's agent that he was going through a divorce and that he had no money to pay the outstanding debt and asked for Defendant's calls to stop. Transcript of May 10, 2015 Call at 1:16-18 (*Hsu Decl.* at Exhibit 3) | |
| 19. Prior to this date, Plaintiff never asked Defendant to stop calling him and following this conversation, Defendant made no further calls to Plaintiff. *Keller Decl.* at ¶ 30; Call Log (*Keller Decl.* at Exhibit 3). | |
| 20. On August 31, 2015 at approximately 3:00 p.m. Pacific Time, Plaintiff called Defendant and asked who they were representing. *Keller Decl.* at ¶ 31; Call Log (*Keller Decl.* at Exhibit 3); Transcript of August 31, 2015 Call at 1:6-7 (*Hsu Decl.* at Exhibit 4). | |
| 21. There was no further contact between Defendant and Plaintiff until the commencement of this lawsuit. *Keller Decl.* at ¶ 31; *Call Log* (*Keller Decl.* at Exhibit 3). | |

- 5 -

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 22. Plaintiffs are left with two remaining claims for: 1) Violation of FDCPA (15 U.S.C. § 1692d) and 2) Violation of California's Rosenthal Act (Cal. Civ. Code § 1788.17), both of which are premised solely on the question of whether the number of calls per day and the aggregate number of calls between the dates of April 23, 2015 and May 10, 2015 only, constitute violations of the FDCPA and Rosenthal Act.<br><br>Plaintiff's Response to Interrogatory Nos. 1, 9 (*Hsu Decl.* at Exhibit 1); Plaintiff's Response to Request for Admissions No. 13 (*Hsu Decl.* at Exhibit 2). | |

Dated: December 30, 2016

MURPHY, PEARSON, BRADLEY & FEENEY

By /s/ Jeff C. Hsu

Jeff C. Hsu
Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

JCH.3074147.docx

- 6 -