Case 2:15-cv-10017-DTB    Document 52-7    Filed 02/03/17    Page 1 of 6    Page ID
Case 2:15-cv-10017-DTB    Document 47-4    Filed 01/13/17    Page 1 of 6    Page ID #:456
#:572

Thomas J. D'Amato - 219174
    TDamato@mpbf.com
Jeff C. Hsu - 246125
    JHsu@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA  90071
Telephone:  (213) 327-3500
Facsimile:  (213) 627-2445

Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>          Plaintiff,<br><br>v.<br><br>ADVANCED CALL CENTER<br>TECHNOLOGIES, LLC,<br><br>          Defendants. | Case No.: 2:15-cv-10017-DTB<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:      March 2, 2017<br>Time:     10:00 a.m.<br>Dept:      3 |

Defendant ADVANCED CALL CENTER TECHNOLOGIES, LLC, respectfully object to evidence filed in support of Plaintiff ROBERT HINDERSTEIN'S Motion for Summary Judgment. Defendant requests that the following evidence not be considered by the Court in determining the issues raised in the motion, on the grounds stated herein.

## GENERAL EVIDENTIARY OBJECTIONS

Plaintiff and his counsel's declarations run afoul of Local Rule 7-7's admonition that "[d]eclarations shall only contain factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.C.P. 56(e)." *Id.*  F.R.C.P. 56(e) provides that a "supporting or opposing affidavit must be made on personal knowledge, set out facts that

- 1 -

would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *Id.* Here, Plaintiff and his counsel's declarations are rife with testimony for which the declarant lacks personal knowledge, foundation, violates the best evidence rule and contradict prior judicial admissions.

### Lack of Personal Knowledge

Evidence that is not based on a witness's personal knowledge is inadmissible. Fed. R. Evid. 602; *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to no weight where declarant lacks personal knowledge); *Sehll Rocky Mountain Production, LLC v. Ultra Res., Inc.*, 415 F.3d 1158, 1169 n. 6 (10th Cir. 2005) (witness statements based on information and belief are not admissible).

Throughout Plaintiff's motion and his declaration, Plaintiff's counsel makes statements regarding Defendant and its policies which they do not actually know. For example, Plaintiff's counsel Stuart Price claims that "[u]pon information and belief, Defendant has a written policy to call an individual debtor five (5) times a day on week days, three (3) times a day on Saturdays, and two (2) times a day on Sundays. In this instance, the one-hundred forty-two (142) calls Defendant admits to making, and the forty-nine (49) calls that Plaintiff recorded between April 23, 2015 and May 10, 2015 are in keeping with Defendant's afore mentioned policy." (Price Decl. ¶ 4.) But counsel has no personal knowledge, nor does he profess to state a basis to know about Defendant's policies, his testimony about their internal policies thus lacks personal knowledge.

### Lack of Foundation

Evidence introduced before a proper foundation has been laid is inadmissible. *U.S. v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) (Foundation is laid by a witness with personal knowledge; *U.S. v. Shumway,* 199 F.3d 1093, 1104 (9th Cir. 1999) (a declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information); *Ward v. First Fed. Sav. Bank*, 173 F.3d

Case 2:15-cv-10017-DTB    Document 52-7    Filed 02/03/17    Page 3 of 6    Page ID
Case 2:15-cv-10017-DTB    Document 47-1   Filed 01/13/17   Page 3 of 6   Page ID #:458
#:574

611, 617-18 (7th Cir. 1999) (affidavit stating that witness is "aware" of facts, but not stating the source of his awareness– be it a written directive from the source, a conversation with the source, "or merely water-cooler gossip"–fails to establish personal knowledge and proper foundation).

As explained above, throughout Plaintiff's motion and his declaration, Plaintiff's counsel make statements regarding Defendant and its policies which Plaintiff's counsel has no personal knowledge, nor does he profess to state a basis to know about Defendant's policies, his testimony about their internal policies thus lacks foundation. Also, Plaintiff's counsel introduces what they contend is a copy of Plaintiff's call log, showing approximately forty-nine (49) calls made to Plaintiff's cellular phone by Defendant, between April 23, 2015 and May 10, 2015 without describing the contents or how it was compiled.

### Best Evidence Rule

When evidence that is based upon information obtained from a document, the document is the best evidence of its content. *See* Fed. R. Evid. 1002; *United States v. Bennett*, 363 F. 3d 947, 953 (9th Cir. 2004) ("the [best evidence] rule … appl[ies] when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself—particularly when the witness was not privy to the events those contents describe").

Here, Plaintiff's counsel introduces what they contend is a copy of Plaintiff's call log, showing approximately forty-nine (49) calls made to Plaintiff's cellular phone by Defendant, between April 23, 2015 and May 10, 2015. To the extent that the call log is derived from actual phone records, those written phone records would the appropriate document and best evidence of the purported calls.

### Sham Declaration

Defendant also objects to Plaintiff's Declaration testimony on the grounds that it contradicts judicial admissions made in his pleadings and other discovery responses. The

- 3 -

Case 2:15-cv-10017-DTB   Document 52-7   Filed 02/03/17   Page 4 of 6   Page ID
Case 2:15-cv-10017-DTB   Document 47-1 Filed 01/13/17   Page 4 of 6   Page ID #:459
#:575

allegations contained within Plaintiff's First Amended Complaint (Document No. 8) as well as his own responses to interrogatories, responded under penalty of perjury both only complain about 49 calls between the time-period of April 23 to May 10, 2015. Plaintiff may not ignore or contradict this judicial admission in his pleadings as a party is conclusively bound by factual allegations in his or her pleadings. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Contradictory declaration statements are governed by the sham affidavit rule (also known in California as the *D'Amico* rule, after *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, establishing that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Properly applied, the *D'Amico* rule is limited to instances where "credible [discovery] admissions.... [are] contradicted *only* by self-serving declarations of a party." *Scalf v. D.B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1521 (citations omitted). In a nutshell, the rule bars a party opposing summary judgment from filing a declaration that purports to impeach his or her own prior sworn admissions. *Id.* at 1522.

## SPECIFIC OBJECTIONS

The declarations and exhibits thereto proffered by Plaintiffs contain numerous inadmissible statements and content that this Court should strike and/or exclude as inadmissible.

| EVIDENCE | OBJECTION |
| --- | --- |
| 1. Declaration of Stuart Price ("Price Decl."), ¶ 2, Exhibit A. | 1. Lack of foundation. FRE 602  Best Evidence Rule. FRE 1002. |
| 2. Price Decl., ¶ 3 <br> **Text objected to:** <br> "Defendant has not disputed the amount of calls, and has stated that it counts one- | 2. Hearsay, as Declarant is testifying as to the purported contents of a document, which speaks for itself. FRE 802, 1002. |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF HIS MOTION
FOR SUMMARY JUDGMENT

| | |
|---|---|
| hundred forty-two (142) calls made to Plaintiff's cellular telephone by Defendant from April 3, 2015 through May 10, 2015." | Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE. 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| 3. Price Decl., ¶ 4.<br>**Text objected to:**<br>"Upon information and belief, Defendant has a written policy to call an individual debtor five (5) times a day on week days, three (3) times a day on Saturdays, and two (2) times a day on Sundays.  In this instance, the one-hundred forty-two (142) calls Defendant admits to making, and the forty-nine (49) calls that Plaintiff recorded between April 23, 2015 and May 10, 2015 are in keeping with Defendant's afore mentioned policy." | 3. Lack of foundation. Lack of personal knowledge. FRE 602<br><br>Declarant's statements are not factual evidence, but conclusory statements consisting of inadmissible opinion, speculation and argument. FRE. 602, 701, 702. As such, the statements do not constitute competent evidence that may be considered by the Court. |
| 4.  Declaration of Robert Hinderstein ("Hinderstein Decl."), ¶ 3.<br>**Text objected to:**<br>"Between April 23, 2015 and May 10, | 4. Lack of foundation. FRE 602<br>Declarant's statements are not factual evidence, but conclusory statements which contradict judicial admissions made in his |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| 2015, Defendant called my cellular phone the one-hundred forty-two (142) times, calling from telephone numbers (866) 534-3753; (866) 312-8374; and (866) 445-6538." | pleadings and sworn discovery responses. As such, the statements do not constitute competent evidence that may be considered by the Court. **Supporting Evidence:** First Amended Complaint at ¶ 21; Plaintiff's Response to Interrogatory Nos. 1, 9 (*Hsu Decl.* at Exhibit 1); Plaintiff's Response to Request for Admissions No. 13 (*Hsu Decl.* at Exhibit 2). |

DATED: January 13, 2017

MURPHY, PEARSON, BRADLEY & FEENEY

By /s/ Jeff C. Hsu
Jeff C. Hsu
Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

JCH.3076386.docx

- 6 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT