Stuart M. Price (SBN 150439)
PRICE LAW GROUP, APC
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Email: stuart@pricelawgroup.com
*Attorney for Plaintiff*
*ROBERT HINDERSTEIN*

# DISTRICT COURT OF CALIFORNIA

# IN THE CENTRAL DISTRICT

ROBERT HINDERSTEIN,

    Plaintiff,

vs.

ADVANCED CALL CENTER
TECHNOLOGIES, LLC., a corporation;
and DOES 1 to 10, inclusive,

    Defendant(s).

Case No.: 2:15-cv-10017

**PLAINTIFF
ROBERT HINDERSTEIN'S
TRIAL BRIEF**

## I.  INTRODUCTION

Pursuant to the parties telephone status conference held before Magistrate Judge David T. Bristow and this Court's Minute Order of January 30, 2017 (Document No. 51), Plaintiff Robert Hinderstein ("Plaintiff"), by and through counsel Stuart M. Price submits the following Trial Brief as to Plaintiff's claims for harassment under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692d ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Ca. Civ. Code § 1788.17 ("RFDCPA").

## II.    STATEMENT OF FACTS

Plaintiff incorporates and references the undisputed material facts which are contained within the previously filed Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment (Document No. 45-1) and Separate Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment (Document No. 45-1).

The material facts in this matter are not in dispute and are set out briefly below to aid the Court.  Plaintiff owed a debt to a third party.  The third party began collection efforts on that debt, and subsequently transferred collection of that debt to Defendant. In an attempt to collect the debt, Defendant began placing telephone calls to Plaintiff. Plaintiff alleges in his petition that Defendant called Plaintiff on his personal cellular telephone forty nine-times (49) in seventeen (17) days.  Defendant admits Plaintiff's allegation, and adds that it has records to indicate that Defendant actually called Plaintiff one-hundred forty-two (142) times in thirty-eight (38) days, which includes the dates Plaintiff alleges.  Defendant has an internal company policy of using an automated dialing system to call debtors five (5) times each weekday, three (3) times each Saturday, and two (2) times each Sunday, until the debt is paid.  This results in thirty (30) phone calls per week to each debtor.  As the material facts are not in dispute, this case boils down to a single issue of whether or not a debt collector should be allowed to engage in continuous and systematic disruption of a debtor's daily life and use of their personal property in order to collect a debt.

### III.   PLAINTIFF'S THEORY OF THE CASE AND APLICABLE LEGAL STANDARDS

A brief statement of Plaintiff's claims and the legal standards for each are as follows:

- Defendant's admitted behavior in calling Plaintiff five times a day, each consecutive week day, three times each Saturday, and two times each Sunday is so voluminous that liability arises under the FDCPA, 15 U.S.C. § 1692d; and

- Because Defendant is liable under the FDCPA, they are derivatively liable under the RFDCPA, Cal. Civ. Code § 1788.17. *Pasquale v. Law Offices of Nelson & Kennard*, 940 F.Supp.2d 1151, 1161 (N.D. Cal. 2013).

### A.   Liability under Section 1692d of the Fair Debt Collection Practices Act

"The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1060-61 (9th Cir. 2011). "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." *Id.*

Pursuant to § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Without limitation of the general application of 15 U.S.C. § 1692d, a debt collector is further prohibited from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). For the purpose of 15 U.S.C. § 1692d, the "natural

consequences" of potentially harassing or abusive practices, including excessive phone calls, "are evaluated according to their likely effect on the least sophisticated consumer." *Kerwin v. Remittance Assistance Corp.*,  559 F. Supp. 2d 1117, 1124 (D. Nev. 2008)

### 1.   The Court may infer Intent to Annoy, Harass, or Abuse.

"Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made." *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008).

> While there is no bright line rule as to the specific amount or pattern of calls sufficient to raise a fact issue regarding the intent to annoy, abuse, or harass, a trier of fact may reasonably conclude that calling a debtor incessantly at an average of 5 to 6 times a day, 7 days a week, for almost 4 months evidences intentional harassment or abuse.

*Stirling vs. Genpact Services, LLC,* 2012 U.S. Dist. LEXIS 49816 at * 10 (internal quotation marks and citation omitted).  Four or 5 calls to the same debtor in one day has been found to constitute harassment.  See *United States v. Central Adjustment Bureau, Inc.*, 667 F. Supp. 370, 376 (N.D. Tex. 1986), aff'd, 823 F.2d 880 (5th Cir. 1987).

### 2.   The Intent to Annoy, Harass, or Abuse may be inferred from call volume.

Defendant has admitted to calling Plaintiff one-hundred forty-two (142) times in thirty-eight (38) days.  Even if the Court should ignore this admission and uses the call volume asserted by Plaintiff in his petition of forty-nine (49) calls in seventeen (17) days, the result is the same: Defendant called Plaintiff five times each day of the week, three times each Saturday, and twice on Sunday, with no plans of stopping, until

Plaintiff became so frustrated with Defendant's actions as to answer the phone and demand they cease bothering him. Indeed, "[No] external evidence of the disruption calls can cause in a residence is necessary: It is evident to anyone who has received such unsolicited calls when busy with other activities." *Van Bergen v. State of Minn.*, 59 F. 3d 1541, 1554 (8th Cir. 1995).

Plaintiff need not show Defendant's intent with regard to each individual telephone call, the Court can infer that the number of calls, in the aggregate, show intent to annoy, harass, or abuse. *Beal v. Windham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962 (W.D. Wis. 2013) (100 phone calls after being told to cease contact are highly offensive); *Shupe v. J.P. Morgan Chase Bank*, 2012 WL 1344786 (D. Ariz. Apr. 18, 2012) (need not show extreme and outrageous conduct; 100 phone calls sufficient to state claim for highly offensive conduct).

### B. <u>Derivative Liability under Cal. Civ. Code § 1788.17</u>

Plaintiff's second claim for relief is for violation of the Rosenthal Fair Debt Collection Practices Act. Liability under the Rosenthal Act is derivative of liability under the FDCPA. *Pasquale v. Law Offices of Nelson & Kennard*, 940 F.Supp.2d 1151, 1161 (N.D. Cal. 2013). A defendant that prevails on FDCPA claims will, by definition, prevail on concurrent claims under the Rosenthal Act. *Id*. If Plaintiff is entitled to summary judgment on FDCPA claims, he is likewise entitled to summary judgment on concurrent claims under the RFDCPA.

### IV. <u>RECOVERABLE DAMAGES</u>
#### A. <u>Legal Standards</u>

- 5 -
TRIAL BRIEF

The FDCPA and Rosenthal Act both provide for penalties of up to $1,000 per litigation. 15 U.S.C. § 1692k(a)(2)(A); Cal. Civ. Code § 1788.30(b). District Courts within the Ninth Circuit are split as to the standard by which emotional distress claims are evaluated in this context. Some apply the elements of a state-law cause of action for intentional infliction of emotional distress, while others hold that once a violation has been proven, the plaintiff may recover for emotional distress independent of state law requirements. *Costa v. Nat'l Action Fin. Servs*. 634 F.Supp.2d1069,1078(E.D.Cal.2007). Regardless of which standard is applied, Plaintiff "must demonstrate more than transitory symptoms of emotional distress and unsupported self-serving testimony by a plaintiff is not sufficient." *Id*. Plaintiffs under the FDCPA and Rosenthal Act may also recover reasonable attorney's fees. 15 U.S.C. §1692k(a)(3); Cal. Civ. Code § 1788.30.

## V.   PLAINTIFF'S EVIDENCE

Plaintiff offers the following evidence proving that Defendant violated the FDCPA and RFDCPA, to include the following:

- Defendant's admission that it placed one-hundred forty-two (142) calls to Plaintiff over a period of thirty-eight (38) days;
- Declaration of Marc Keller, Defendant's Chief Compliance Officer who admitted that Defendant uses an Automated Telephone Dialing System to contact debtors regarding payment on accounts;
- Plaintiff's Declaration in which he stated that Defendant's phone calls caused him to be repeatedly distracted in his daily life, which cause him annoyance and anxiety.

## VI.   CONCLUSION

There is no dispute that Defendant called Plaintiff's cellular phone not less than forty-nine (49) times in a seventeen (17) day period. Defendant has admitted to placing

as many as one-hundred forty-two (142) calls to Plaintiff in a thirty-eight (38) day period.  While there is no bright line rule to how many calls are excessive in any given time, Plaintiff has provided authority from across the country to support the proposition that Defendant's objective is to call with such a frequency as to harass or annoy the debtor into paying the debt. A ruling in Defendant's favor would further encourage it, and others, to continue a harassing policy of calling people thirty (30) times a week, sending an individual who falls behind on a couple of bills into a swirling abyss of incessant creditor collection calls.  If creditors are allowed to call debtors five times a day, every day, and the average person who falls behind on payments does so on four to six accounts, individual debtors could be subjected to up to thirty or more collection calls per day.  Individuals have the right to use their telephones for something other than as a vessel by which collections agencies can contact them incessantly.  Based on the foregoing, the Court should deny Defendant's Motion for Summary Judgment and grant Plaintiff's Motion for Summary Judgment.

Respectfully submitted this 3rd day of February, 2017.

PRICE LAW GROUP, APC

/s/ Stuart M. Price
Stuart M. Price, SBN 150439
Attorneys for Plaintiff
Robert Hinderstein

- 7 -
TRIAL BRIEF

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

/s/ Florence Lirato

TRIAL BRIEF