PRICE LAW GROUP, APC
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Stuart@pricelawgroup.com

Attorney for Plaintiff
ROBERT HINDERSTEIN

# DISTRICT COURT OF CALIFORNIA

# IN THE CENTRAL DISTRICT

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC, a corporation; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.: 2:15-cv-10017<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:   March 2, 2017<br>Hearing Time:   10:00 a.m.<br>Courtroom:      3<br><br>[Notice of Motion, Separate Statement of Undisputed Material Facts, and Declarations of Robert Hinderstein and Stuart Price filed concurrently] |

- 1 -

# TABLE OF CONTENTS

I. INTRODUCTION.................................................................................... 5

II. UNDISPUTED MATERIAL FACTS............................................................ 6

III. LEGAL STANDARD.............................................................................7

IV. ARGUMENT.....................................................................................7

    A. The Fair Debt Collection Practices Act...............................................7

        1. Section 1692d of the FDCPA..……….........................................7

        2. The Least Sophisticated Consumer……………….....................8

    B. Defendant violated 15 U.S.C. §1692d(5) by calling Plaintiff excessively…………………………………………………………….9

    C. The court may resolve a 15 U.S.C. §1692d(5) claim as a matter of law…………………………………………………………………...11

    D. California's Rosenthal Act………………………..….……………12

V. CONCLUSION.................................................................................13

# TABLE OF AUTHORITIES

**Page**

## Cases

*A.D. v. Credit One Bank, N.A.,*
    2016 WL 4417077, at *7……………………………………………………10

*Arteaga vs. Asset Acceptance, LLC,*
    733 F. Supp. 2d 1218, 1227 (E.D. Cal. 2010)………………………………...9

*Beal v. Windham Vacation Resorts, Inc.,*
    956 F. Supp. 2d 962 (W.D. Wis. 2013)……………………………………….10

*County of Tuolumne v. Sonora Community Hospital,*
    236 F.3d 1148, 1154 (9th Cir. 2001)…………………………………….…7

*Donohue vs. Quick Collect, Inc.,*
    592 F.3d 1027, 1033 (9th Cir. 2010)………………………………………8, 12

*Gonzales v. Arrow Fin. Servs., LLC,*
    660 F.3d 1060-61 (9th Cir. 2011)………………………………….…7, 8, 9, 12

*Kerwin v. Remittance Assistance Corp.,*
    559 F. Supp. 2d 1117, 1124 (D. Nev. 2008)………………………...8, 10, 11

*Kuhn v. Account Control Technology,*
    865 F.Supp. 1443, 1453 (D. Nev. 1994)………………………………...9, 12

*Matsushita Electric Industries Co. v. Zenith Radio Corp.,*
    475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ……………. 7

*Pasquale v. Law Offices of Nelson & Kennard,*
    940 F.Supp.2d 1151, 1161 (N.D. Cal. 2013)………………………………13

*Sanchez vs. Client Services.,*
    520 F. Supp. 2d 1149, 1161 (N.D. Cal. 2007)………………………….....9, 12

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Shupe v. J.P. Morgan Chase Bank*,
    2012 WL 1344786 (D. Ariz. Apr. 18, 2012)…………………………………11

*Soppet v. Enhanced Recovery Co., LLC*,
    679 F.3d 637, 638 (7th Cir. 2012)……………………………………………11

*Stirling vs. Genpact Services, LLC*
    2012 U.S. Dist. LEXIS 49816 at * 10 (C.D. Cal. March 19, 2012)…….8, 10

*Tourgeman vs. Collins Fin. Servs.*,
    755 F.3d 1109, 1117-18 (9th Cir. 2014)…………………….....…………..9

*Terran vs. Kaplan*,
    109 F.3d 1428, 1431 (9th Cir. 1997))……………….....………………...…9

*United States v. Central Adjustment Bureau, Inc.*,
    667 F. Supp. 370, 376 (N.D. Tex. 1986), aff'd, 823 F.2d 880
    (5th Cir. 1987)…………………………………………………....8, 10, 12

*Van Bergen v. State of Minn.*,
    59 F. 3d 1541, 1554 (8th Cir. 1995)…………………………………..11

**STATUTES**

15 U.S.C. § 1692d……………………......….……………5, 6, 7, 8, 9, 10, 11

Cal. Civ. Code      § 1788…………………………………………5, 6, 7, 12, 13

**RULES**

Fed. R. Civ. P. 56(c)…………………………………………………...7

Pursuant to the parties Joint Report (Docket No. 41) and this Court's Minute Order of December 12, 2016 (Docket No. 42), Plaintiff ROBERT HINDERSTEIN ("Plaintiff") submits the following Memorandum of Points and Authorities in support of his Motion for Summary Judgment as to Plaintiff's remaining claims for harassment under the Federal Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692d) and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") (Cal. Civ. Code § 1788.17) asserted in the First Amended Complaint.

## I.    INTRODUCTION

This matter involves claims arising from Defendant's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*   and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") (Cal. Civ. Code § 1788.17).  Specifically, Defendant ADVANCED CALL CENTER TECHNOLOGIES, LLC (hereinafter referred to as "Defendant") has a policy and practice of placing an excessive number of calls to consumers in violation of 15 U.S.C. § 1692d(5).

Defendant violated federal and state Fair Debt Collection Practices Acts by "repeatedly and continuously" calling Plaintiff forty-nine (49) times in a period of seventeen (17) days.   In April, 2015, Defendant began placing robo-calls to Plaintiff's phone number, in an attempt to collect a consumer debt.  Defendant has

admitted to calling Plaintiff on his cellular telephone, and has offered that Defendant has done so as many as one-hundred forty-two (142) times in the span of thirty-eight (38) days, which includes the behavior from which Plaintiff's claim arises. This case boils down to a single issue of whether or not a debt collector should be allowed to engage in continuous and systematic disruption of a debtor's daily life and use of their personal property in order to collect a debt. Plaintiff argues that Defendant's repeated, systematic, automated, and daily call attempts to Plaintiff constitute violations of the Federal FDCPA and California Rosenthal Act. Defendant argues since Plaintiff did not answer Defendant's call attempts before May 10, 2015, that Plaintiff was not bothered by his phone ringing every day, as many as five times a day. As set forth below, the undisputed facts and evidence show conclusively that Defendant's argument is without merit and Plaintiff is entitled to judgment as a matter of law.

## II. UNDISPUTED MATERIAL FACTS

Plaintiff maintained a GAP-branded credit card, issued by Synchrony Financial ("Synchrony"). *Declaration of Marc Keller* ["Keller Decl."] at paragraph 15. Defendant engages in the collection of debts on behalf of creditors, including Synchrony. *Keller Decl.* at ¶ 1. Synchrony placed Plaintiff's credit card account with Defendant for collections on or about April 3, 2015. *Keller Decl.* at ¶ 14. On April 3, 2015, Defendant mailed Plaintiff a Debt Validation Notice to the address

provided for Plaintiff by Synchrony. *Keller Decl.* at ¶ 15; Debt Validation Notice, *Keller Decl.* at Exhibit 1. Afterwards, Defendant attempted to place calls to Plaintiff for the sole purpose of collecting Plaintiff's debt on behalf of Synchrony. *Keller Decl.* at ¶ 27. From April 3, 2015 through May 10, 2015, Defendant admits to calling Plaintiff one-hundred forty-two (142) times. Sep. Stmt. at ¶ 6. From April 23, 2015 through May 10, 2015, Defendant called Plaintiff at least forty-nine (49) times. Sep. Stmt. at ¶ 7. Upon information and belief, Defendant has a written policy to call an individual debtor five (5) times a day on week days, three (3) times a day on Saturdays, and two (2) times a day on Sundays. In this instance, the one-hundred forty-two (142) calls that Defendant admits to making, and the forty-nine (49) calls that Plaintiff recorded between April 23, 2015 and May 10, 2015 are in keeping with this policy. Sep. Stmt. at ¶ 8. Each time Plaintiff's cellular telephone rang, he had to stop what he was doing to either answer the phone, attempt to answer the phone, or silence the call, which disrupted his daily activities and train of thought, causing Plaintiff to experience distraction, frustration, and anxiety. Sep. Stmt. at ¶ 9. Plaintiff's enduring claims are: 1) Violation of FDCPA (15 U.S.C. § 1692d) and 2) Violation of California's Rosenthal Act (Cal. Civ. Code § 1788.17), both of which are premised on the question of whether the number of calls per day and the aggregate number of calls constitute violations of the FDCPA and Rosenthal Act. For the reasons set forth below, Defendant is entitled to judgment as a matter of law on each of these claims.

## III. LEGAL STANDARD

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When assessing a motion for summary judgment, the court must read the evidence, together with all inferences that can reasonably be drawn therefrom, in the light most favorable to the party opposing the motion. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *County of Tuolumne v. Sonora Community Hospital*, 236 F.3d 1148, 1154 (9th Cir. 2001).

## IV. ARGUMENT

### A. The Fair Debt Collection Practices Act

1. Section 1692d of the Fair Debt Collection Practices Act

"The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1060-61 (9th Cir. 2011). "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." *Id.*

- 8 -

Pursuant to § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Without limitation of the general application of 15 U.S.C. § 1692d, a debt collector is further prohibited from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

"Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made." *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008).

> While there is no bright line rule as to the specific amount or pattern of calls sufficient to raise a fact issue regarding the intent to annoy, abuse, or harass, a trier of fact may reasonably conclude that calling a debtor incessantly at an average of 5 to 6 times a day, 7 days a week, for almost 4 months evidences intentional harassment or abuse.

*Stirling vs. Genpact Services, LLC* 2012 U.S. Dist. LEXIS 49816 at * 10 (C.D. Cal. March 19, 2012) (internal quotation marks and citation omitted). Four or 5 calls to the same debtor in one day has been found to constitute harassment. *See United States v. Central Adjustment Bureau, Inc.*, 667 F. Supp. 370, 376 (N.D. Tex. 1986), aff'd, 823 F.2d 880 (5th Cir. 1987).

## 2. The Least Sophisticated Consumer

For the purpose of 15 U.S.C. § 1692d, the court evaluates the "natural consequences" of potentially harassing or abusive practices, including excessive phone calls, "according to their likely effect on the least sophisticated consumer." *Kerwin*, 559 F. Supp. 2d at 1124. "The [least sophisticated consumer] standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naïve particularly when those individuals are targeted by debt collectors." *Gonzales,* 660 F.3d at 1062 (internal quotation marks and citation omitted).

The least sophisticated consumer is an ***objective standard***. *Donohue vs. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir. 2010). In other words, the Court does not consider the effect of excessive calls on Plaintiff, but rather their effect on the objective least sophisticated consumer. For example, in a §1692e situation, "[a]n FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the hypothetical 'least sophisticated debtor' likely would be misled." *Tourgeman vs. Collins Fin. Servs.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (*citing Gonzales*, 660 F.3d at 1061 & n.2 (9th Cir. 2011); *Terran vs. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997)).

- 10 -

The court may rule on the merits for a 15 U.S.C. §1692d(5) claim as a matter of law.  For example, the Court found that 6 calls within a 24 minute period, two of which occurred after Plaintiff hung up on the defendant, violated 15 U.S.C. § 1692d(5).  *Kuhn v. Account Control Technology*, 865 F.Supp. 1443, 1453 (D. Nev. 1994); *see also, Sanchez vs. Client Services.,* 520 F. Supp. 2d 1149, 1161 (N.D. Cal. 2007) (ruling that 54 calls, and leaving 25 messages to Plaintiffs work number, including 6 calls on one day, constituted harassment as a matter of law). Conversely, another court in the Ninth Circuit ruled that 18 calls over a four-month period does not constitute harassment as a matter of law.  *Arteaga vs. Asset Acceptance, LLC* 733 F. Supp. 2d 1218, 1227 (E.D. Cal. 2010).

In the instant matter, Defendant's policy of calling consumers 5 times a day, 5 days a week, plus 3 times a day on Saturdays and 2 times a day on Sundays is harassing as a matter of law.

**B. Defendant violated 15 U.S.C. § 1692d(5) by calling Plaintiff excessively.**

Defendant uses an auto dialer to call consumers. *See Keller Decl*. at ¶ 4.  That means Defendant places consumer accounts into the dialer and programs the dialer to call consumers a pre-determined number of times a day and week.  Defendant programmed the dialer to call Plaintiff 5 times a day, 5 days a week plus 3 times a day on Saturdays and 2 times a day on Sundays as part of typical collection activities.  On April 3, 2015, Defendant began robo-calling Plaintiff in an attempt to

collect a consumer debt relating to his GAP credit card account. Plaintiff complains of a period of 17 days (from April 23, 2015 to May 10, 2015), during which Defendant called Plaintiff 49 times, though Defendant admits it could be as many as 142 calls in thirty-eight (38) days. See Price Decl. at ¶¶ 2, 3. Defendant called Plaintiff 5 times a day, 5 days a week plus 3 times a day on Saturdays and 2 times a day on Sundays. *Id*. at ¶ 4.

Pursuant to § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Without limitation of the general application of 15 U.S.C. § 1692d, a debt collector is further prohibited from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

"Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made." *Kerwin*, 559 F. Supp. 2d at 1124.

> While [t]here is no bright line rule as to the specific amount or pattern of calls sufficient to raise a fact issue regarding the intent to annoy, abuse, or harass, a trier of fact may reasonably conclude that calling a debtor incessantly at an average of 5 to 6 times a day, 7 days a week, for almost 4 months evidences intentional harassment or abuse."

*Stirling,* 2012 U.S. Dist. LEXIS 49816 at * 10.

- 12 -

In *United States v. Central Adjustment Bureau, Inc.*, 4 or 5 calls to the same debtor in one day was found to constitute harassment. "American and English courts have long heard cases in which plaintiffs alleged that defendants affirmatively directed their conduct at plaintiffs to invade their privacy and disturb their solitude." *A.D. v. Credit One Bank, N.A.*, 2016 WL 4417077, at *7. *Beal v. Windham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962 (W.D. Wis. 2013) (100 phone calls after being told to cease contact are highly offensive); *Shupe v. J.P. Morgan Chase Bank*, 2012 WL 1344786 (D. Ariz. Apr. 18, 2012) (need not show extreme and outrageous conduct; 100 phone calls sufficient to state claim for highly offensive conduct). Robocalls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of harm that unlawful robocalls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction. "An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). "[D]ialers lack human intelligence and, like the buckets enchanted by the Sorcerer's Apprentice, continue until stopped by their true master. Meanwhile [the subscriber] is out of pocket the cost of the airtime minutes and has had to listen to a lot of useless voicemail." *Id.* at 639. Indeed, "[No] external evidence of the disruption calls can

- 13 -

cause in a residence is necessary: It is evident to anyone who has received such unsolicited calls when busy with other activities." Van Bergen v. State of Minn., 59 F. 3d 1541, 1554 (8th Cir. 1995).  Here, Defendant called Plaintiff 5 times a day, 5 days a week, 3 times on Saturdays and 2 times on Sundays for almost 6 weeks. Based on the foregoing, the Court should enter judgment for Plaintiff as a matter of law.

**C. The court may resolve a 15 U.S.C. §1692d(5) claim as a matter of law.**

Defendant will claim Plaintiff did not answer the phone calls, and that this is tantamount to Plaintiff never actually receiving or noticing the phone calls, precluding a finding of liability.  However, for the purpose of 15 U.S.C. § 1692d, the "natural consequences" of potentially harassing or abusive practices, including excessive phone calls, "are evaluated according to their likely effect on the least sophisticated consumer." *Kerwin*, 559 F. Supp. 2d at 1124.  "The [least sophisticated consumer] standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naïve particularly when those individuals are targeted by debt collectors." *Gonzales,* 660 F.3d at 1062 (internal quotation marks and citations omitted).

The "least sophisticated consumer" is an ***objective*** standard.  *Donohue,* 592 F.3d at 1033.  In other words, the Court does not consider the effect of excessive

- 14 -

calls on a particular consumer, but rather their effect on the objective least sophisticated consumer.

The relevant standard is not whether 142 calls over a 38 day period or 49 calls over a 17 day period are harassing to Plaintiff, but whether it is harassing to the objective least sophisticated consumer.  Courts have held that 6 calls within a 24 minute period, two of which occurred after Plaintiff hung up on the defendant, violated 15 U.S.C. § 1692d(5).  *Kuhn*, 865 F.Supp. at 1453;  *see also Sanchez,* 520 F. Supp. 2d at 1161 (ruling that 54 calls, and 25 messages to Plaintiffs work number, including 6 calls on one day, constituted harassment as a matter of law). In *United States v. Central Adjustment Bureau, Inc.*, the trier of fact found harassment where the debt collector made as many as 4 or 5 calls to the same debtor in one day. Here, Defendant called Plaintiff 5 times a day, 5 days a week, 3 times on Saturday and 2 times on Sundays.

While the FDCPA requires the court to look at whether the Defendant's *conduct* evidences intent to harass the objective least sophisticated consumer, Plaintiff personally felt harassed.  See Hinderstein Decl. at ¶ 6.  In addition to how Defendant's call schedule has negatively affected Plaintiff, his declaration testimony clearly shows the practical effects that it would have on the least sophisticated consumer. Defendant's call schedule plainly harasses and abuses the least sophisticated consumer.  Based on the foregoing, the Court should enter judgment for Plaintiff as a matter of law.

- 15 -

**D. California's Rosenthal Act**

Plaintiff's second claim for relief is for violation of the Rosenthal Act, a state law, codified in Section 1788 et seq. of the California Civil Code, which prohibits violations of certain provisions of the FDCPA. *First Amended Complaint* at ¶ 24. Liability under the Rosenthal Act is derivative of liability under the FDCPA. *Pasquale v. Law Offices of Nelson & Kennard*, 940 F.Supp.2d 1151, 1161 (N.D. Cal. 2013). A plaintiff entitled to summary judgment on FDCPA claims is likewise entitled to summary judgment on concurrent claims under the Rosenthal Act. *Id.* Therefore, Plaintiff respectfully requests summary judgment as to his claim under the Rosenthal Act for the same reasons set forth in the preceding section of this Motion.

## V. CONCLUSION

Defendant has a policy and practice of placing an excessive number of calls to consumers which creates the natural consequences of harassing, oppressing, or abusing the objective least sophisticated consumer. There is no genuine issue as to any material fact contradicting that Defendant placed these calls. Based on the foregoing, the Court should grant judgment in Plaintiff's favor as a matter of law.

//

//

//

DATED this 30 day of December 2016.

                                    PRICE LAW GROUP, APC


                                    By: __/s/Stuart M. Price_____
                                         Stuart M. Price (SBN 150439)
                                         **Attorney for Plaintiff**
                                         **Robert Hinderstein**

- 17 -