Stuart M. Price (SBN 150439)
PRICE LAW GROUP, APC
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Email: stuart@pricelawgroup.com

Attorneys for Plaintiff
ROBERT HINDERSTEIN

# DISTRICT COURT OF CALIFORNIA

# IN THE CENTRAL DISTRICT

| | |
|---|---|
| ROBERT HINDERSTEIN,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC, a corporation; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.: 2:15-cv-10017<br><br>**PLAINTIFF ROBERT HINDERSTEIN'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:     March 2, 2017<br>Hearing Time:    10:00 a.m.<br>Courtroom:          3 |

COMES NOW Plaintiff Robert Hinderstein ("Hinderstein") and files this Reply in Support of Plaintiff's Motion for Summary Judgment. In its motion, Plaintiff asks this Court to grant its Motion for Summary Judgment because it believes that Defendant's **policy** of calling debtors five (5) times a day, Monday through Friday, three (3) times on Saturday and two (2) times on Sundays is the type of harassment from which the Fair Debt Collection Practices Act ("FDCPA")

- 1 -

and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") were designed to protect the average consumer.

### 1. Introduction

Defendant argues in his Opposition that the legal issue presented is whether 49 unanswered telephone calls is a violation of the FDCPA.  However, Defendant has admitted that it had placed one hundred forty two (142) calls to Plaintiff over the span of thirty-eight (38) days, and planned to continue the same volume and frequency of phone calls, not until Plaintiff answered, but until Plaintiff paid the alleged debt in full.  This is a bell which, despite Defendant's attempts to the contrary, cannot be unrung.  Defendant only stopped calling to protect itself, lest this suit also become a lawsuit for violations of the Telephone Consumer Protection Act as well as the FDCPA.

Defendant appears to believe that this Court will be swayed by the fact that Plaintiff has had to file other similar lawsuits recently to ensure that his rights to privacy under the FDCPA and TCPA are protected.  See *Defendant's Request for Judicial Notice*, Document No. 43-3. Plaintiff argues that if these cases have any relevance what-so-ever on the instant proceedings, it is to show how pervasive Defendant's behavior has become among the collections community, and the need for swift and decisive reform in order to protect the rights of the individual, who is often without the resources to defend themselves.

- 2 -

## 2. Defendant's Policy of Calling Thirty or More Times a Week is Violation of the FDCPA

In his Suggestions in Support of Plaintiff's Motion for Summary Judgment, he has indicated several jurisdictions in which courts across the country have ruled that a high volume of telephone calls is unwarranted and egregious conduct.  Defendant attempts to differentiate many of Plaintiff's authority, pointing out that the cases were filed for violations of the Telephone Consumer Protection Act (TCPA) and not the FDCPA, as the case at bar.  Defendant fails to note that the FDCPA does not apply to the original creditor, therefore, in the cases cited, Plaintiff was barred from adding the FDCPA as an additional count to the lawsuit.  Nevertheless, each of the authorities cited state affirmatively that the number of calls (and almost all of the numbers stated in the cited cases were less than in the case at bar) constituted egregious conduct.

Defendant argues that *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1060 (9th Cir. 2011), which was decided in 2011, is somehow subsequent to *Clark v. Capital Credit & Collection Services, Inc*. 460 F.3d 1162, 1176, n.11 (9th Cir. 2006), which was decided in 2006, five years prior.  While *Clark* requires that Plaintiff carry the burden of establishing that Defendant's calls in this case demonstrate an *intent* to annoy, harass or abuse, in 2011, the 9th Circuit broke from that finding: "The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive

- 3 -

practices." *Gonzales* at 1060-61. "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." *Id*. Pursuant to § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Without limitation of the general application of 15 U.S.C. § 1692d, a debt collector is further prohibited from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

Defendant then tries to differentiate *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008). Based upon the number of phone calls at issue, however, Plaintiff cites to *Kerwin* to stand for the proposition that the "Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made." *Kerwin* at 1124. Indeed, "[No] external evidence of the disruption calls can cause in a residence is necessary: It is evident to anyone who has received such unsolicited calls when busy with other activities." *Van Bergen v. State of Minn.*, 59 F. 3d 1541, 1554 (8th Cir. 1995).

Defendant again attempts to differentiate *Stirling vs. Genpact Services, LLC* 2012 U.S. Dist. LEXIS 49816 at * 10 (C.D. Cal. March 19, 2012) by the number of phone calls, arguing that the 649 calls at issue in *Stirling* is vastly different than the

49 calls recorded by Plaintiff.  However, again, Plaintiff cites to Stirling to stand for the proposition that "calling a debtor incessantly at an average of 5 to 6 times a day, 7 days a week, for almost 4 months evidences intentional harassment or abuse." *Id.* at * 10.  In the current case, Defendant has shown that they follow a policy of calling debtors on a substantially similar schedule as to the one shown in *Stirling*, the chief difference here is that Plaintiff showed less patience than Stirling, and demanded that Defendant cease calling before the number of calls got any higher.

As further evidence of the inherent harassment found in calling debtors several times a day, The Massachusetts Attorney General's Debt Collection Regulations prohibit creditors and collection agencies from "initiating a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number..."  940 CMR 7.04(1)(f)

While the FDCPA requires the court to look at whether the Defendant's conduct evidences intent to harass the objective least sophisticated consumer, Plaintiff personally felt harassed.  See Hinderstein Decl. at ¶ 6.  In addition, Plaintiff has been able to demonstrate that Defendant's conduct is pervasive in the Collections community, and that across the country, courts have ruled that

- 5 -

voluminous collections phone calls constitute egregious conduct. Based on the foregoing, the Court should enter judgment for Plaintiff as a matter of law.

### 3. Defendant Violated the Rosenthal Fair Debt Collection Practices Act

Plaintiff's second claim for relief is for violation of the Rosenthal Fair Debt Collection Practices Act. Liability under the Rosenthal Act is derivative of liability under the FDCPA. If Plaintiff is entitled to summary judgment on FDCPA claims, he is likewise entitled to summary judgment on concurrent claims under the RFDCPA. Therefore, Plaintiff respectfully requests this Court grant Plaintiff's request for summary judgment under the RFDCPA for the same reasons set forth in the preceding section of this Response.

### 4. Conclusion

There is no dispute that Defendant called Plaintiff's cellular phone not less than forty-nine (49) times in a seventeen (17) day period. Defendant has admitted to placing as many as one-hundred forty-two (142) calls to Plaintiff in a thirty-eight (38) day period. While there is no bright line rule to how many calls are excessive in any given time, Plaintiff has provided authority from across the country to support the proposition that Defendant's objective is to call with such a frequency as to harass or annoy the debtor into paying the debt. A ruling in Defendant's favor would further encourage it, and others, to continue a harassing policy of calling people thirty (30) times a week, sending an individual who falls behind on a couple

of bills into a swirling abyss of incessant creditor collection calls.  If creditors are allowed to call debtors five times a day, every day, and the average person who falls behind on payments does so on four to six accounts, individual debtors could be subjected to up to thirty or more collection calls per day.  Individuals have the right to use their telephones for something other than as a vessel by which collections agencies can contact them incessantly.  Based on the foregoing, the Court should deny Defendant's Motion for Summary Judgment and grant Plaintiff's Motion for Summary Judgment.

DATED this 25th day of January, 2017.

PRICE LAW GROUP, APC


By: __/s/Stuart M. Price_____

Stuart M. Price (SBN 150439)
Attorneys for Plaintiff
Robert Hinderstein

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.


/s/ Florence Lirato

- 8 -